## HUMBLE OIL & REFINING CO. v. MERRILL et al.
### No. 4996.

Court of Civil Appeals of Texas. Texarkana.

Nov. 26, 1936.

Felix A. Raymer and R. E. Seagler, both of Houston, for appellant.

Mayfield, Grisham & Grisham, of Tyler, for appellee.

HALL, Justice.

Haden Merrill, Elmo Bradford, Rachel Howard, as trustees of Union Grove Colored Cemetery Association, and R. W. Porter, appellees, brought this suit in trespass to try title to three-tenths acre of land, a part of the H. Edwards survey, against the

Humble Oil & Refining Company in the district court of Upshur county. R. W. Porter was the holder of the oil and gas lease on the land in controversy.

Appellees alleged that they acquired the title to the land by proper conveyance about the year 1890 for a cemetery for colored people and went into possession of the same; that thereafter, during the year 1912, they constructed a substantial fence around said property which was maintained until about 1931. In addition to the above allegations, the appellees pleaded the ten-year statute of limitation, and they also sought an injunction and a receiver.

Appellant answered by general demurrer, special exceptions, general denial, and plea of not guilty, and by cross-action in trespass to try title against appellees and W. M. Phillips and wife, Pearl Phillips, the original owners of said land. Certain persons interested in the Union Grove Cemetery (white) which adjoins the colored cemetery on the east intervened in the suit, but during the trial withdrew.

Appellees, Haden Merrill, Elmo Bradford, Rachel Howard, and R. W. Porter, answered appellant's cross-action by general demurrer and plea of not guilty. Appellee W. M. Phillips and wife answered by general denial and plea of not guilty, and by cross-action of trespass to try title against appellant.

The trial proceeded to the court without a jury on the cross-action of appellant, which resulted in a judgment in favor of all appellees for title and possession of the land in controversy. From this judgment appellant prosecutes its appeal to this court.

It appears from the record that W. M. Phillips in 1885 purchased 270 acres of land, of which the three-tenths acre here involved was a part. Prior to the Civil War a plot of land, a part of this 270 acres, was set apart for burial purposes by Phillips' predecessor in title. It appears that only white people were interred in this plot, except one negro slave, until about 1890, at which time appellee W. M. Phillips permitted the interment of colored persons in the west side of said original plot. During the year 1912 Phillips executed a deed to certain white persons as trustees of the Union Grove Cemetery Association to two acres of land, which included that portion of the cemetery then occupied by the graves of white persons and the one negro slave; and land adjacent on the east so as to con-

stitute the two acres. At the time this deed was executed, and for many years prior thereto, the entire cemetery, including the graves of both white and colored people, was enclosed by one fence. In 1912, shortly after the white people had acquired title by deed to the two acres, they erected a fence around same, thereby fencing the negro graves out. In erecting their fence the white people used the wire theretofore used to enclose the old cemetery, which included the graves of both white and colored. After this was accomplished, the negroes of the community appealed to W. M. Phillips, and he gave them a strip of land along and adjoining the white cemetery on the west, twelve or fifteen steps wide and reaching from the south line of the white cemetery to the road on the north. This strip of land included the graves of the negroes fenced out of the white cemetery and enough additional to "square it up" so as to constitute three-tenths acre of land. This is the tract of land in controversy. In the latter part of 1912 the negroes fenced their plot, and it remained fenced until discovery of oil in that part of the East Texas Field in 1931. In 1932 W. M. Phillips executed a deed to the three-tenths acre of land comprising the negro cemetery in favor of Haden Merrill, Elmo Bradford, and Rachel Howard as trustees of the Union Grove Colored Cemetery Association, in which he reserved a part of the minerals.

On February 5, 1920, W. M. Phillips and his children of his deceased wife partitioned the land belonging to them, and the 37½-acre tract received by his son Jesse Phillips included within its boundaries both the white and the negro cemeteries. Appellant now owns an oil and gas lease on this 37½ acres and makes the contention that its lease covers and includes the three-tenths acre colored cemetery tract here in controversy.

Appellant's second proposition is: "The partition deed of February 5, 1920, from W. M. Phillips et al. to Jesse Phillips, conveyed the fee to the entire tract of 37½ acres therein described, including the 3/10-acre tract involved herein; and under all the facts and circumstances before the court, as a matter of law, the use of the words 'Less 2 acres set apart for cemetery and now in use for that purpose,' could have no other effect than to exclude from the terms of the grant the two acres which had been previously conveyed, and to which title had passed and become vested in Union

Grove Cemetery Association. Title to the ⁹⁄₁₀-acre tract having vested in Jesse Phillips perforce said partition deed, the oil, gas and general mining and mineral leasehold estate passed to T. W. Lee under the terms of the lease from Jesse Phillips and wife, Cora Bell, and by mesne conveyances to Humble Oil & Refining Company; and the trial court erred in refusing to so decree."

In other words, the appellant contends that at the time of the partition between W. M. Phillips and his children the legal title to the three-tenths acre, the negro cemetery, was in them and passed to Jesse Phillips by the deed of February 5, 1920, and mesne conveyances, as to the leasehold estate, passed to the appellant. The partition deed to Jesse Phillips of the 37½ acres contains the clause: "Less 2 acres set apart for cemetery and now in use for that purpose." This same clause was inserted in the oil and gas lease executed by Jesse Phillips covering the 37½-acre tract as well as all subsequent assignments of same, including the assignment to appellant. At the time the partition deed to the 37½-acre tract was executed, both the white and the negro cemeteries were fenced "and being used for that purpose" (cemetery) and on said date both of said cemeteries had been "set apart."

The correct solution of the question here involved is determined by the intention of the parties to the partition deed as reflected by the terms of the deed itself. It is clear and undisputed that W. M. Phillips and his children were dividing their common property into separate parcels to be thereafter held by each in his own separate right. The partition deed to Jesse Phillips declares that part of the consideration therefor is the "partition and distribution of the old homestead of the said W. M. Phillips and his deceased wife of Georgia B. Little Phillips among the heirs to the said land and the said W. M. Phillips, all of whom are now living, agreeing to said partition and distribution and joining in transfers of the various blocks of land to each other and all parties to this deed have granted, sold and conveyed," etc. This language, in our opinion, clearly indicates that it was the intention of the parties to the partition deed to divide and distribute all of their common property comprising the old homestead. Certainly it could not be contended that the parties to this partition deed intended to divide all the old homestead except their right of reverter to the three-tenths acre colored cemetery. We conclude, then, that the exception in said partition deed, "less two acres set apart for a cemetery and now in use for that purpose," refers to the white cemetery only and that the legal title to the three-tenths acre of land comprising the colored cemetery is now in Jesse Phillips, subject to the dedication for cemetery purposes. Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.(2d) 1080, 85 A.L.R. 391; Dawson v. Hickman (Tex.Civ.App.) 95 S. W.(2d) 1319, writ refused.

Therefore the motion of appellant for rehearing is granted, and the judgment of the lower court is reversed and judgment here rendered for appellant for its leasehold interest in the three-tenths acre of land in controversy. The former opinion of this court filed October 8, 1936, is withdrawn and this opinion is substituted therefor.