### TEXAS EMPLOYERS' INS. ASS'N v. LYNCH.

No. 3865.

Court of Civil Appeals of Texas. Texarkana. June 5, 1930.

King, Mahaffey, Wheeler & Bryson, of Texarkana, and Shelby S. Cox, of Dallas, for plaintiff in error.

Wm. V. Brown, of Texarkana, for defendant in error.

LEVY, J. (after stating the case as above).

The plaintiff in error insists that there was no competent proof (1) that it was an insurer of the employer at the time of the injury, and (2) of injury entitling compensation for a greater period than 150 weeks, or (3) of weekly wages for purpose of determining compensation due.

■ As bearing upon the first point, the defendant in error introduced in evidence, over objection timely made, a certified copy of the report of the accident to J. E. Lynch as made by the manager of the Southern Ice & Utilities company, and a copy of the reply letter to the Industrial Accident Board as made by the secretary of such company. Section B of the accident report reads:

"1. Are you insured to provide payment to injured employees under the Employers Liability Act? (Answer) Yes.

"2. If so insured, give name and business address of the insurance association or company. (Answer) Texas Employers Insurance Association, Dallas, Texas."

The letter reads:

"Mr. E. B. Barnes, Secretary, Industrial Accident Board, Austin, Texas.

"Dear Sir: Re James E. Lynch, injury of 7/8/28 Sico Shop, Texarkana, Texas. In reply to your letter of 2/6/29, file No. 23683.

"The Texas Employers Insurance Association of Dallas, Texas, was carrying our Workmen's Insurance Compensation at the above location in July, 1928.

"Yours very truly,
"[Signed] C. A. Fullinwider,
Secretary-Treasurer."

The plaintiff's petition alleged the association was the insurer, and demanded that the association produce the policy on the trial. The association pleaded a general denial. It is believed that the above evidence may not be held legally competent evidence as against the association to prove that it was the insurer. The report of the accident is made inadmissible by the terms of the statute "as admissions and evidence against the association or the subscriber." Section 5, art. 8309, R. S. In support of its competency cases are cited, namely: Casualty Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601; Texas Employers' Ins. Ass'n v. Pierce (Tex. Civ. App.) 254 S. W. 1019, 1021; Indemnity Co. v. Polk (Tex. Civ. App.) 14 S.W.(2d) 330, 332. In the Ginn Case there was present the factual element that "the insurer" voluntarily paid to the insured employee, before resort to the accident board, "fortnightly payments of compensation insurance," etc. The court concluded such fact went to show the "acquiescence" of the insurance company in its being the insurer, and was admissible proof of that fact. In the Polk Case, as in the Ginn Case, "a few days after appellee was injured the Independence Indemnity Company began to pay him [the employee] weekly compensation under the provisions of the Workmen's Compensation Statute." In the case of Employers' Insurance Ass'n v. Pierce, supra, the evidence was offered to show, and was limited to the fact merely, that "the Gulf Pipe Line Company was a 'subscriber' with appellant under the terms of the Employers Liability Act." It was not evidence against "the insurer," as determined by the court. In the instant case no admissions of the association itself appear.

■ The second point must be sustained that it was error to award compensation for the period of 300 weeks under section 11 instead of 150 weeks under section 12 of article 8306, R. S. According to the proof, the explosion caused the permanent loss to the employee of the hearing in his left ear. He was also made, as he says, "nervous, all over." That, which caused his "work as a mechanic to be greatly affected" was not the nervous element, but the deafness in the left ear. According to the proof the nervousness only made him "irritable." He was much worried, he says, by "music and the vitaphone." There was no shaking or trembling palsy of the hands impairing his occupational usefulness or opportunities. Deafness is compensable under section 12, namely: "sixty per cent. of the weekly wages covering 150 weeks."

■ It is believed that the third point may not be sustained, as the proof sufficiently shows the weekly wages customarily received by a skilled automobile mechanic in Texarkana.

The judgment is reversed, and the cause remanded.