**MASON v. DOWNS.**

**No. 5504.**

Court of Civil Appeals of Texas. Amarillo.

Jan. 11, 1943.

Rehearing Denied Feb. 15, 1943.

J. Shirley Cook, of Vernon, for appellant.

Storey, Storey & Donaghey, of Vernon, for appellee.

PITTS, Chief Justice.

Earl B. Mason sued Myrtle Downs as administratrix of the estate of Millie Emeline Mason, deceased, on an alleged contract between himself and deceased for the sum of $3600 for personal services appellant claimed he rendered in helping Millie Emeline Mason, deceased, who was the mother of both appellant and appellee, in attending to her business, social and domestic affairs from July 1, 1928 to November 1, 1940, the date of the death of Millie Emeline Mason.

It is agreed by and between the parties that on June 20, 1928, C. B. Mason, husband of Millie Emeline Mason, and father of both appellant and appellee, died testate leaving a community estate of the reasonable value of $15,000; that he willed his interest in same to his wife; Millie Emeline Mason, with full power to her to use, enjoy and dispose of same as she saw fit, with the residue thereof being disposed of according to the law of descent and distribution at her death; that said will was admitted to probate by a proper court; that on July 19, 1937, a power of attorney was given to appellant, Earl B. Mason, by his mother, Millie Emeline Mason, authorizing him to do any act and exercise any power for her he may deem proper and advisable, which power of attorney was in full force until her death; that on November 1, 1940, Millie Emeline Mason died testate leaving an estate of the value of about $12,000 and some $6,000 indebtedness, her will disposing of her property according to the law of descent and distribution; that the said will of Millie Emeline Mason was admitted to probate by proper court on January 9, 1941, with letters of administration being issued to appellant and appellee jointly, and they qualified as administrator and administratrix; that on April 9, 1941, appellant filed his claim for $3600 for services rendered under his alleged contract, out of which this law suit grew, with the

County Court of Wilbarger County, which claim was disapproved by appellee herein and on August 6, 1941, disapproved by the said county court with judgment entered against appellant, from which judgment an appeal was perfected by appellant to the District Court of Wilbarger County where a trial was had de novo before a jury, appellant alleging that he had performed the services according to his agreement made with his mother, Millie Emeline Mason, and was entitled to the sum he claimed.

Appellee answered by denying the alleged contract and its terms and alleged that services, if any, rendered by appellant to Millie Emeline Mason were not worth anything; that appellant's mother furnished a place for him and his family to live and helped to support them; that during the time between the deaths of the father on June 21, 1928, and the mother on November 1, 1940, the estate dwindled thousands of dollars, for which appellant was responsible; and that appellant was indebted to said estate at the time of his mother's death and at the time of the trial.

The evidence was very conflicting but the jury answered the following two special issues in the negative:

"Special Issue No. 1: Do you find from a preponderance of the evidence that Millie Emeline Mason in the year 1928 or at any time thereafter prior to her death, requested Earl Mason to assist her in managing and looking after her business, social and domestic affairs?" Answer of the jury: "No."

"Special Issue No. 2: Do you find from a preponderance of the evidence that Earl B. Mason, at the request of Millie Emeline Mason, assisted her in the management and looking after her business, domestic and social affairs of the said Millie Emeline Mason? Answer of the jury: "No."

It is elementary law that this court is bound by the facts found by a jury in the trial court if there be any evidence of probative force to support the jury's findings. It is the opinion of this court that the evidence in this case is amply sufficient to support the jury's answers to the foregoing special issues.

Other issues were submitted to the jury, some of which were predicated on an affirmative answer to the above two special issues, and others of an evidentiary nature only. None of them were answered

by the jury. We think, however, the foregoing two special issues were controlling in view of the negative answers given to them by the jury.

We think the trial court properly overruled plaintiff's motion to disregard the jury's findings and grant a new trial and properly rendered judgment against appellant and for appellee herein on the jury's findings. The judgment of the trial court is therefore affirmed.