## MARYLAND CASUALTY CO. v. DAVIS.

### No. 11623.

Court of Civil Appeals of Texas. Galveston.
May 3, 1944.

Sewell, Taylor, Morris & McGregor, of Houston, for appellant.

Burns & Burns, of Huntsville, and Collins, Williams & Garrison, of Lufkin, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation suit brought by appellant, Maryland Casualty Company, to set aside an award of the Industrial Accident Board in favor of appellee, Willie Davis, as compensation for injuries alleged to have been sustained by him in the course of his employment with the Texas Company, who carried compensation insurance with appellant.

Appellee, by answer and cross-action, alleged that while loading sacks of clay or Fuller's Earth from a stock pile to a hand truck at his employer's plant at Riverside, Texas, several of said sacks fell on him, knocking him to the floor and inflicting serious injuries, and that he was forced to breathe the dust which was created by the falling of said material, which irritated his lungs, causing silicosis or tuberculosis, from the result of which he became totally and permanently incapacitated.

Appellant answered by general denial. By special plea it alleged that if appellee was injured on the occasion in question his injuries, if any, were partial and temporary and that whatever disability he may have had at the time of the trial resulted solely from diseases from which he was suffering prior to the alleged injury, including tertiary syphilis and an occupational disease known as silicosis.

The jury found in answer to special issues submitted that appellee was totally and permanently incapacitated as a result of the injuries sustained by him on April 9, 1941, and that such incapacity was not due solely to syphilis unconnected with an injury, and that it was not solely the result of an occupational disease unconnected with such injury. Judgment was rendered against appellant and in favor of appellee for compensation in a lump sum for total and permanent incapacity.

Under its first point appellant assigns error in the action of the trial court in admitting in evidence the employer's first report of injury filed with the Industrial Accident Board, over appellant's objection that such report was hearsay and that its admission was in direct violation of Article 8309, Section 5, of Texas Statutes.

Under Article 8307, Section 7, of the Workmen's Compensation Act, an employer under the Act is subject to a fine of $1,000 if he fails to file a report of an injury to an employee with the Industrial Accident Board within eight days after such injury.

Under Article 8309, Section 5, of the Compensation Act, "The reports of accidents required by this law to be made by subscribers shall not be deemed as admissions * * * against the association or the subscriber in any proceedings before the board or elsewhere in a contested case where the facts set out therein or in any one of them is sought to be contradicted by the association or subscriber."

The record in the instant case shows a photostatic copy of the employer's first report of injury filed by the superintendent of the subscriber company with the Industrial Accident Board on April 12, 1941, together with the certificate of the Industrial Accident Board acknowledging its authenticity, was introduced by appellee over appellant's objection that the contents of such report was hearsay. After introducing the full report in evidence appellee read question 26 thereof and the answer thereto to the effect that the nature and location of the injury was a sprained left foot and leg.

The precise question here presented has been passed upon by the appellate courts of this state on numerous occasions. It first arose in the case of Texas Employers' Ins. Ass'n v. Lynch, Tex.Civ.App., 29 S. W.2d 899. In that case the insurance company denied that it was the insurer. The trial court admitted in evidence the employer's first report of injury, which contained the statement that Texas Employers' Insurance Association was the insurer. The appellate court held that the evidence was not legally competent evidence as against the association to prove that it was

the insurer under the provisions of said Article 8309, Section 5, "as admissions and evidence against the association or the subscriber."

This holding was followed in the cases of Employers' Casualty Co. v. Watson, Tex.Civ.App., 32 S.W.2d 927, and Traders & General Ins. Co. v. Rudd, Tex.Civ.App., 102 S.W.2d 457, in both of which cases the Lunch case was cited.

■ In this case, in which appellant has filed a general denial, it was incumbent upon appellee to prove both that he was injured in the course of his employment and the extent of his injuries. While appellee's counsel read to the jury only that portion of said report which referred to the location and nature of appellee's alleged injury, the fact that said report was made by the superintendent of the subscriber company to the Industrial Accident Board could have been construed by the jury as corroborative evidence of the fact that appellee was injured in the course of his employment with the subscriber company. Under the above facts, we think that said report was not only subject to the objection that it was hearsay and wholly incompetent and without probative force, but its admission was in direct violation of the provisions of said Article 8309, Section 5.

Under its point No. 2 appellant assigns error in the action of the trial court in admitting in evidence a letter claimed to have been written to appellee on Texas Company stationery by M. D. Phillips, the superintendent of the Texas Company's Fuller's Earth plant at Riverside, Texas, on April 15, 1940. The letter expressed the appreciation of the company for appellee's continued loyalty and devotion to duty and congratulated him on having completed 15 years of valuable service to the company.

Appellant objected to the introduction of said letter in evidence on the grounds that it was immaterial, irrelevant, and hearsay, and for the reason that the writer of the letter was available if appellee cared to call him as a witness.

Appellant's defenses in this action were: (1) That appellee had been suffering for years from a syphilitic condition, and (2) that during the entire 17-year period of his employment by the Texas Company appellee had continuously breathed in the dust in which he had worked and that the breathing of this dust had slowly and gradually caused the development of an occupational disease known as silicosis.

On the trial appellant introduced evidence to prove that appellee had admitted that, for five years prior to the date of the injury complained of, he had had syphilis in an advanced stage; that his employer knew of this fact and had sent him to several doctors for treatment of said disease, and that in 1940 the company had given him a three months' leave of absence during which time he took shots as treatment for this condition. Appellee also testified that in 1931, ten years prior to the date of the injury in question, he had noticed that the dust in which he worked had caused a shortness of breath and a weak physical condition which continued to grow worse up to the time of the alleged injury complained of.

The letter in question could have been construed by the jury as a refutation of the defense relied upon by appellant and as evidence of the fact that, as late as April 15, 1940, the date of said letter, appellee was a strong and healthy man. As such it was prejudicial and harmful to the defenses relied upon by appellant.

■ No rule is better settled than that a statement offered as evidence of the truth of a fact asserted must be subjected to certain tests: (1) The person making the assertion must be subjected to cross-examination, i. e., must make it under circumstances that the opponent has an adequate opportunity, if desired, to test the truth of the assertion by questions which the person is compelled to answer; and (2) the person making the assertion must be confronted with the opponent and with the tribunal when making the assertion and giving his answers. Wigmore's Code of Evidence, Rule 157, pp. 259 and 260.

■ A statement otherwise objectionable as hearsay does not become competent because it has been reduced to writing, and a written statement is equally inadmissible under the rule excluding hearsay evidence where it is in the form of a letter. 31 Corpus Juris Secundum, Evidence, § 194; 17 Tex.Jur., page 526.

■ Appellee contends that the letter in question was not subject to the objection that it was hearsay for the reason that it was signed by the superintendent of the

plant where appellee was employed at the time of his alleged injury, and that, since the Compensation Act provides that an employee cannot bring suit against his employer who has become a subscriber under the Act but must look for compensation solely to the insurer, all evidence which would have been admissible against the employer would be admissible against the insurance carrier.

This contention cannot be sustained. We know of no exception to the hearsay rule which would make the contents of a letter written by the agent of an employer who was not a party to the suit admissible in evidence in an action against the compensation carrier in a suit to set aside the award of the Industrial Accident Board.

The action of the trial court in admitting said letter in evidence was, we think, objectionable and its admission was calculated to influence the jury in rendering a verdict favorable to appellee.

■ Under its 4th point appellant assigns error in the action of the trial court in refusing to give as part of his charge to the jury its requested special issue No. "N", inquiring whether plaintiff's incapacity to labor after May 31, 1942, was not due solely to the effects of syphilis combined with his having breathed in Fuller's Earth dust over a long period of time.

Appellant specially alleged that, if at the time of the trial appellee was suffering any disability, which was not admitted but denied, such disability was caused solely from syphilis or was the result of an occupational disease.

This allegation must, we think, be construed as an affirmative pleading that appellee's incapacity, if any, was due solely to the effects of syphilis combined with the effects of an occupational disease for neither of which could compensation be allowed.

While the jury found in answer to special issue No. 10 that appellee's incapacity to labor was not solely due to syphilis unconnected with the injury complained of, and, in answer to special issue No. 11, it found that such incapacity was not solely the result of an occupational disease, no issue was submitted inquiring as to whether appellee's incapacity was due solely to a combination of the two.

■ It is undisputed in the record that appellee had suffered with and had been treated for syphilis for several years prior to the date of the injury complained of and that, during the period of his employment at the Texas Company's Fuller's Earth plant, he had been subjected to the effects of breathing the dust from the material with which he worked, and there is, we think, sufficient evidence in the record, if believed by the jury, to support an affirmative finding to appellant's special issue No. "N" that appellee's incapacity to labor was due solely to the effects of syphilis combined with the effect of his having breathed in Fuller's Earth over a long period of time.

■ It is the established law in this state that each party to a lawsuit is entitled to an affirmative submission to the jury of all fact issues relied upon, which are supported by pleadings and testimony, which might affect the plaintiff's right of recovery or defendant's defenses. Schumacher Co. v. Holcomb et al., Tex.Sup., 177 S.W.2d 951; Fox v. Dallas Hotel Co., 11 Tex. 461, 240 S.W. 517; Southern Underwriters v. Blair, Tex.Civ.App., 144 S.W. 2d 641; Rule 279, Texas Rules of Civil Procedure; 41 Tex.Jur., page 1115, Sec. 280.

Other assignments are presented in appellant's brief; however, since this cause must be remanded for a new trial it is not deemed necessary to discuss them.

Reversed and remanded.