## YATES v. PACIFIC INDEMNITY CO.
### No. 6190.

Court of Civil Appeals of Texas. Texarkana.
Jan. 19, 1946.

Rehearing Denied Jan. 24, 1946.

Fulmer & Fairchild, of Nacogdoches, for appellant.

Carrington, Gowan, Habberton, Johnson & Walker, of Dallas, and Guinn & Guinn, of Rusk, for appellee.

HALL, Chief Justice.

Appellant instituted this suit in the District Court of Cherokee County to set aside an award of the Industrial Accident Board, and sought compensation for the total and permanent loss of the use of his left leg. The trial was to a jury upon special issues. To special issue No. 1, the jury found that appellant did not sustain an accidental injury to his leg below the knee on or about August 8, 1944, the date of the alleged injury; and to special issue No. 18, the jury answered that if appellant sustained any loss of the use of his left leg, such loss of use was due solely to disease. These were the only issues answered by the jury and upon said answers judgment was rendered for appellee.

By the first point appellant asserts that the jury's answer to special issue No. 1 is contrary to the overwhelming weight and preponderance of the evidence. Appellant was employed as a common laborer of the Southwestern Bell Telephone Com-

pany, of which appellee was insurer, and at the time of his alleged injury was engaged in constructing a telephone line through Cherokee County. Appellant testified: "I got through digging a hole and went and throwed the shovel down and the handle flew up and hit my left leg below the knee." He testified further that he did not feel much pain at the time and kept on working for the remainder of the day. Appellant did not report for work after the date of his alleged injury. Three days later he, in company with Mr. Cowley, his superintendent, consulted a physician. The superintendent and physician testified that they noticed a small pink spot about half an inch to an inch in diameter below the knee of appellant's left leg where the skin was roughed but not broken. Appellant saw the doctor several times thereafter and was treated by him. He testified that his leg pained him from his ankle to his hip. None of the appellant's fellow-workers knew anything about his receiving an injury. Appellant testified that he told a fellow-employee named Dick about the shovel handle striking his leg but Dick contradicted this statement. The other employees working with or near appellee testified in effect that there were no logs on the right of way in the vicinity where appellant claimed that he received his injury. Appellant's oral deposition was introduced in which he asserted that he was injured about 2 o'clock in the afternoon. He testified upon the trial that the injury occurred about 10 o'clock in the morning. It is undisputed that some 18 years prior to his alleged injury appellant underwent an operation on his left leg below the knee for osteomyelitis which left large scars. There is evidence in the record of statements by appellant that his left leg had been bothering him for the past three years. These conflicting facts and circumstances surrounding appellant's injury, as stated .by appellant in his brief, presented a hotly contested issue of fact as to whether the appellant received any injury to his leg on the occasion of his alleged injury. This issue was properly submitted to the jury for determination and its finding thereon will not be disturbed. Mason v. Downs, Tex.Civ.App., 168 S.W.2d 520, writ refused; Safeway Stores, Inc., v. Webb, Tex.Civ.App., 164 S.W.2d 868, writ refused for want of merit. This point is overruled.

By point 2 appellant complains that the court erred in excusing J. F. Cowley (a witness for appellee) from the rule. At the beginning of the trial the rule was invoked by appellant. Appellee's counsel stated to the court that appellee was without a representative in court and he desired that the witness Cowley be excused from the rule as he was Superintendent for the Southwestern Bell Telephone Company, the insured, and was familiar with the facts surrounding appellant's alleged injury. Cowley made out the report of appellant's injury and forwarded it to his superior at Brownwood, Texas, and he was also the first representative of his company to consult a physician for appellant and was present at his physical examination. Appellee, the insurance company, had no representative present in the court to aid its counsel in presenting its case to the court and jury. It is within the discretion of the trial court to permit a representative to remain with counsel to aid him in the preparation and presentation of the case. Under the circumstances it is our opinion that the trial court did not abuse its discretion in granting appellee's request and excusing the witness Cowley from the rule. The court's action in this regard finds ample support in Rule 267, Texas Rules of the Civil Procedure.

By points 3 and 4 appellant asserts that the trial court committed reversible error in refusing to permit him to cross-examine appellee's witness Cowley, for the purpose of impeachment, with respect to certain statements made by the witness in the report of injury to the Industrial Accident Board as to the time and place of appellant's injury. On direct examination Cowley testified that appellant told him that he received his injury about 2 o'clock in the afternoon of August 8, 1944, while digging a telephone post hole. On cross-examination of Cowley, appellant's counsel sought to interrogate him respecting the statements made by him in the report of· injury to the Board as to the time and place of injury for the purpose of impeachment. The trial court sustained the objection by appellee that such procedure was in violation of the statute (R.S. Art. 8309, Sec. 5). Out of the presence of the jury it was fully developed that in the report of injury made by Cowley to his superior and which was sent to the Industrial Accident Board, it was stated by the wit-

ness that the injury occurred at 11 o'clock, a. m., while appellant was digging a ditch for an underground conduit. Revised Statutes, Art. 8309, Section 5, per force of which the trial court sustained appellee's object to the cross-examination of the witness as follows: "The reports of accidents required by this law to be made by subscribers shall not be deemed as admissions and evidence against the association or the subscriber in any proceedings before the board or elsewhere in a contested case where the facts set out therein or in any one of them is sought to be contradicted by the association or subscriber."

This statute was construed by the Eastland Court of Civil Appeals in Liberty Mutual Insurance Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787, 795, and it was there stated: "There is no doubt, we think, that the court erred in permitting appellees' counsel to have the witness Bond, former manager for Curtis-Wright Flying Service, and who had made a report of the accident to the Industrial Accident Board, identify his answers made to the questions in the report, and his signature thereto, and then ask him if the answers were true. One of them clearly implied that Boggs was an employee, a vital issue in the case. The law provides that such reports are not admissible against the parties making them. R.S. 1925, Art. 8309, § 5; Georgia Casualty Co. v. Darnell, Tex.Civ.App., 243 S.W. 579; Petroleum Casualty Co. v. Crowe, Tex.Civ. App., 16 S.W.2d 917; Norwich Union Indemnity Co. v. Rollins, Tex.Civ.App., 8 S.W.2d 699; Texas Emp. Ins. Assn. v. Lynch, Tex.Civ.App., 29 S.W.2d 899; Employers' Casualty Co. v. Watson, Tex.Civ. App., 32 S.W.2d 927. We think the proceeding complained of was but doing, indirectly, that which the policy of the law plainly prohibits."

In this case appellant by cross-examination of the witness Cowley sought to have him identify his answers to certain questions made by him in the report to the Industrial Accident Board, one of which was that "appellant received an injury at 11 o'clock A.M." As heretofore stated the issue of whether appellant received any injury while working for the telephone company was a vital and hotly contested one. Had the cross-examination been permitted the information contained in the report with respect to appellant's receiving an injury while working for the telephone company would have been placed before the jury. This, as stated in the opinion quoted from, would be "doing indirectly that which the policy of the law plainly prohibits."

In our opiinon no error is presented by these points. However, should we be mistaken in the above holding, still we think the error was rendered harmless by subsequent cross-examination of the witness Cowley. After the jury had returned and after the witness had refreshed his memory by seeing his report of the injury, testified as follows:

"Q. You really remember what hour of the day Mr. Yates told you the shovel handle hit him? A. I don't think so.

"Q. You don't really remember he told you it was two o'clock in the afternoon. A. I wouldn't say about that.

"Q. You wouldn't say it was ten or eleven o'clock in the morning that he told you it was? A. No."

This testimony clearly nullified the witness' previous statements on direct examination as to the time and place of the alleged injury.

Finding no error in the record the judgment is in all things affirmed.