## WILLIAMS v. TEXAS EMPLOYERS INS. ASS'N.

No. 5993.

Court of Civil Appeals of Texas. Amarillo.

Dec. 12, 1949.

Mullinax, Wells & Ball, Dallas, for appellant.

Leachman, Matthews & Gardere, Dallas, for appellee.

LUMPKIN, Justice.

This is a Workmen's Compensation case. C. C. Williams is the appellant. Texas Employers Insurance Association, the compensation insurance carrier, is the appellee. The Folsom Company was appellant's former employer. In his first amended petition, filed December 2, 1948, the appellant alleged that he received an injury on June 18, 1947, while unloading spools of wire from a railroad car at his employer's warehouse. He alleged that his foot slipped and that he was thrown off balance and received a strain to his back which resulted in an injury to his spine.

During the course of the trial, the issue as to the time when appellant received the alleged injury was sharply disputed. The appellant testified that the lower part of his back was injured while he was engaged in unloading wire from a railroad car and placed the time of his accident at about 3:30 in the afternoon on June 18, 1947. The appellee offered evidence to show that no wire was received by The Folsom Company after the 5th day of May, 1947.

The only question involved in this case was whether the appellant received an injury on June 18, 1947, while moving spools of wire, as alleged in his first amended petition. No issue was raised as to whether he was injured at some other time or while moving some object other than wire. The trial court submitted the question to a jury in a single special issue: "Issue No. 1. Do you find from a preponderance of the evidence that plaintiff, C. C. Williams, did on June 18, 1947, at about 3:30 p. m., sustain personal injuries to his back by his foot slipping while unloading spools of wire out of a box car on his employer's premises?"

To this issue the jury answered "No." The appellant did not object to the submission of Issue No. 1 to the jury nor did he request the submission of issues inquiring whether he was injured on some date other than June 18, 1947, or while doing something other than moving wire.

The trial court rendered judgment for the appellee to which the appellant duly perfected his appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District. The appeal was transferred to this court by order of the Supreme Court of Texas.

The appellant attacks the judgment in the following point of error: "The court erred in excluding from the consideration of the jury the impeachment testimony of witness Irvin McCain, relative to information which he obtained from Harold McKinley concerning the report and cause of plaintiff's injury and the time McKinley knew of same."

Harold McKinley is the general foreman at the Folsom plant. Irvin I. McCain is the bookkeeper and custodian of the records pertaining to injuries suffered by employees of the company. However, before we can discuss adequately appellant's point of error, it is necessary to review portions of the record.

It appears that appellant's first claim for compensation, filed with the Industrial Accident Board on August 23, 1947, gave 1 p. m., on the — day of June, 1947, as the date of the accident; that, thereafter, on October 18, 1947, a second notice of injury was filed with the Board which shows 1 p. m., June 3, 1947, as the

time and date of appellant's injury; that a second claim for compensation was filed on October 18, 1947, with the Board showing 1 p. m., on June 3, 1947, as the date on which appellant suffered his injury; that in February, 1948, the appellant stated in a deposition that the accident occurred on June 3, 1947; and that appellant in his original petition alleged the date of the accident as June 3, 1947. Thereafter, as stated above, on December 2, 1948, the appellant filed his first amended petition alleging June 18, 1947, as the date upon which he received his injury.

To refute the appellant's allegation that he suffered an injury on June 18, 1947, the appellee offered documentary evidence of receiving a car of wire in May, 1947, and offered Harold McKinley the general plant foreman, who testified that the appellant did assist in unloading wire on May 5, 1947; that the appellant did not complain of an injury suffered on that occasion, but that at a later date he did complain of straining his back while moving some heavy stoves and was sent to a doctor for treatment. The witness McKinley was asked on cross-examination if he reported a different version of these facts to Irving I. McCain, the bookkeeper at the plant. McKinley stated he didn't remember such a conversation with McCain. The full import of his denial is best demonstrated by this portion of his cross examination:

"Q. I will ask you if you didn't tell Mr. McCain the bookkeeper of the Folsom Company that Mr. Williams had told you that he had hurt himself while unloading wire? A. No, I don't remember telling Mr. McCain that.

"Q. I will ask you if you didn't tell Mr. McCain that Mr. Williams told you that he had sprained his back while unloading wire? A. No sir, I don't remember that.

"Q. Will you say that you didn't say that to Mr. McCain? A. I wouldn't say whether I did or not. I say that I don't remember saying anything like that."

To impeach this portion of McKinley's testimony the appellant called McCain to the stand. Out of the hearing of the jury, McCain testified that he was the custodian of the records relating to injuries suffered by employees of The Folsom Company and that upon the occasion of appellant's injury he made a report to the Industrial Accident Board from information furnished him by McKinley. The report is captioned "Employer's First Report of Injury." It is dated August 14, 1947, and was sent to the Industrial Accident Board and shows that the appellant was injured on June 3, 1947, while moving wire. McCain was shown a photostatic copy of the report and he pointed at certain answers in it. As we understand the record, the appellant's use of the "Employer's First Report of Injury" was for the following purposes: (a) To assist McCain in recalling that the report contained information received from McKinley; (b) To assist McCain in recalling McKinley's purported statement given on the occasion of making the report, i. e., that the appellant had told McKinley he injured his back while moving wire; and (c) To contradict McKinley's testimony to the effect that some days after the incident of unloading wire the appellant had reported hurting his back while moving stoves. To refresh McCain's recollection, appellant's counsel read from the report. The trial court excluded these portions of McCain's testimony on the ground that they are prohibited by Section 5 of Article 8309, Vernon's Annotated Revised Civil Statutes. This statute provides that the reports of accidents made to the Board are not admissible against the parties making them. To permit the appellant to use the "Employer's First Report of Injury" for the declared purpose of refreshing McCain's memory would permit the appellant to place before the jury the contents of the injury report. Such a procedure would allow the appellant to do indirectly what he is prohibited by law from doing directly. Our courts have on many occasions condemned the exercise of such a stratagem. Texas Employers Ins. Ass'n v. Lynch, Tex.Civ.App., *29 S.W.2d 899;* Maryland Casualty Co. v. Davis, Tex.Civ.

App., 181 S.W.2d 107; Yates v. Pacific Indemnity Co., Tex.Civ.App., 193 S.W.2d 266, writ ref. n. r. e.

In our opinion the court properly sustained the appellee's objection to appellant's introduction of this portion of Mc-Cain's testimony. For the reasons given, we overrule the appellant's point of error and affirm the judgment of the court below.