**TEXAS EMPLOYERS INSURANCE ASSO-CIATION, Appellant,**

**v.**

**H. E. SHIFLET, Appellee.**

No. 6778.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 17, 1955.

Rehearing Denied March 10, 1955.

Ramey, Calhoun, Brelsford & Hull, Vincent Ferrell, Tyler, for appellant.

Jones, Brian & Jones, C. A. Brian, Marshall, Terry Graham, Tyler, for appellee.

FANNING, Justice.

This is a workmen's compensation case. H. E. Shiflet alleged that on March 16, 1953, he sustained total and permanent disabilities as a result of a back injury while working for Western Foundry Company in Smith County, Texas. In response to special issues, the jury found Shiflet to be totally and permanently disabled. The jury also found that a prior (and non-compensable) injury suffered by Shiflet contributed to his incapacity to the extent of 15%. After filing of motions for judgment and motions for judgment non obstante veredicto, the trial court disregarded the finding last referred to, and entered judgment for plaintiff for total and permanent disability in a lump sum award (less compensation in the amount of $125 previously paid) in the sum of $8,921.26. The defendant, Texas Employers Insurance Association, has appealed.

Appellant's Points 1 to 7, inclusive, read as follows:

"No. 1. The error of the court in allowing the injection into the trial of parts and portions of the proceeding before the Industrial Accident Board in violation of the court's prior ruling on the motion by the Defendant to exclude all such proceedings; the injection of which said proceedings having come without a predicate for their introduction having been established or their having been used for the sole and only purpose of an impeachment of a witness who had testified to a contrary set of facts.

"No. 2. The error of the court in allowing the injection into trial of parts and portions of the proceedings before the Industrial Accident Board in violation of the court's prior ruling on Defendant's motion to exclude all such proceedings, which said matters were prejudicial and inflammatory and were not offered in rebuttal of any statement made by any witness, nor were the statements or proceedings offered in conflict with the statements of the persons making the declaration before the Industrial Accident Board; the proceeding before the trial court being a trial de novo, and such material being admissible for impeachment purposes only resulting in manifest prejudice to the rights of the Defendant.

"No. 3. The error of the court in allowing the injection into the trial of parts and portions of the proceeding before the Industrial Accident Board in violation of the court's prior ruling made in response to a motion by the Defendant; the Plaintiff was allowed to interrogate Mr. Waller, a witness called by the Plaintiff, with reference to statements made before the Industrial Accident Board, which statements were not first shown to have been in conflict with other declarations of the witness, Waller, and were not offered in impeachment; that while said statement was not actually offered in evidence it was read to the witness in the presence of the jury; and while each and every question was not objected to by the Defendant, the harm of the matter was pointed out by Defendant's objections, prior motion, and motion for mistrial, and the court erred in not then and there withdrawing the same.

"No. 4. The error of the Court in admitting over the Defendant's objection a part of the Industrial Accident Board record which was identified as Plaintiff's Exhibit No. 8, for the reason that the same was a statement by the carrier as to its position before the Industrial Accident Board and was not a contradiction of any statement that had been made by any witness to that point of time, was not binding upon the Company in a trial de novo, and its admissibility constituted a retrying of the proceeding before the Industrial Accident Board in violation of the statutes prescribing a trial de novo.

"No. 5. The error of the court in allowing the interrogation of Mr. H. S. Dillard for the sole purpose of proving up Plaintiff's Exhibit No. 8, in that it violated the

944

rules requiring a trial de novo and was an injection into the trial of a part or portion of the proceedings of the Industrial Accident Board in violation of the rules governing trials of appeals from awards by the Industrial Accident Board.

"No. 6. The error of the court in permitting the examination of Mr. Waller, a witness called by the Plaintiff, with reference to Plaintiff's Exhibit No. 7 wherein the Plaintiff read to the witness Waller parts and portions of Plaintiff's Exhibit No. 7, said proceedings having been had in the face of a motion filed by the defendant to preclude all proceedings of the Industrial Accident Board and over the objection of the Defendant to the effect that none of the proceedings were admissible; that the pretext of the Plaintiff that he was setting up a contradiction on the part of Mr. Waller substantially mis-stated the results of the examination and injected into the evidence immaterial and prejudicial matters specifically precluded by statute from the proceedings.

"No. 7. The error of the court in permitting the introduction of the Plaintiff's Exhibit No. 8, because it contained, among other things, a hearsay statement of Dr. Wiley Roosth."

At the beginning of the trial, the appellant filed a motion with the court asking that certain evidence be excluded and that limitations be placed upon the reading of the pleadings as then on file. This motion was sustained by the court on agreement of counsel, and the lump sum portion of the statement was relied upon by appellee in writing the judgment.

A portion of this motion reads as follows:

"Now comes the Defendant * * * and moves the Court to exclude from the testimony and from any other form of proof any evidence having to do with the following allegations in the plaintiff's pleadings: * * *

"Any evidence or proof having to do with the Board's award or any proceeding before the Industrial Accident Board."

We quote from the record as follows:

"Mr. Jones: We offer in evidence plaintiff's Exhibit No. 7.

"Mr. Ferrell: Now, if Your Honor please, this item comes within the prohibition of the Motion that we made at the beginning of the trial. The Court ruled that none of this evidence would be admissible.

"Mr. Jones: We don't so interpret it, and we would like to be heard on it.

"Mr. Ferrell: We object to it for that reason. It is not offered in impeachment of anything Mr. Waller has heretofore said. There has been no denial of any statement by Mr. Waller that would impeach. That would be the only purpose for which it would be admissible, and we think that the offer of it constitutes a violation of the court's ruling.

"Mr. Jones: If we are going to have to argue about this, let's withdraw the jury. I don't think that is any infringement whatever on the court's ruling."

The jury was withdrawn and a further discussion of the matter was had by counsel and the court as follows:

"Mr. Ferrell: The only purpose for which any proceedings before the Industrial Accident Board would be admissible in this or any other court in which you are having a trial de novo, would be upon the presumption or theory to impeach a specific witness. Now, Mr. Waller has not taken, to this time in this trial, a position contrary to that report. Had he taken a position contrary to that report he might then possibly have been impeached by showing that at some other time he had said something different. We could do the same thing with Mr. Shiflet by introducing into evidence his report before the Board that the injury occurred on March 16th, 1953, it being contrary to when he now says he was hurt. But, no such predicate has been laid to just

jump off into this proposition, as it has been done. We consider in violation of the court's ruling. I don't know that it was intentional. We don't urge that it was intentional; but we do urge that in the position the record is now in, that—and the state that it is, that this defendant is entitled to * * *

"Mr. Jones: We will withdraw the offer at this time, and I will ask Mr. Waller some further questions.

"The Court: ' In the absence of the jury?

"Mr. Jones: No, sir. I am going to ask him some things independent of that report, and if I need the report, I will have it. Mr. Ferrell's position is, not that it wouldn't be admissible, if it were used to contradict Mr. Waller, but that it is inadmissible as a general proposition to contradict, say Jacobs. Perhaps he is correct. I am going to lay the predicate with Mr. Waller now to see if it is admissible. If it is not as against him, then, of course, I won't use it. If it is, then I understand, Mr. Ferrell, you don't make any point that it would not be admissible to contradict him.

"Mr. Ferrell: If Mr. Waller made a report and testifies different to that report, I would think that it would be admissible to impeach him, yes.

"The Court: My recollection of Mr. Waller's deposition is that there were no questions or answers in his deposition with reference to this report?

"Mr. Jones: No, sir. This is not taken up in the deposition. I will have to lay a predicate. * * * "

Said plaintiff's Exhibit No. 7 was the Employer's Report of Accident with respect to appellee which report is made inadmissible by Art. 8309, § 5, V.A.C.S. After withdrawing the offer of said exhibit and when the jury had been recalled, counsel for appellee showed the report to the witness Waller (an agent of the employer subscriber who had been called as a witness by plain-tiff), read the contents of it to Waller and questioned Waller about it before the jury, and effectively got the contents of such report in evidence before the jury and did indirectly what he had previously tried to do directly. Appellant objected to part of this as "leading", which was sustained by the court, but did not again make any further objection to this incompetent testimony. However, appellant did file a written motion for mistrial, stating (among other things) that the injection of inflammatory portions of proceedings before the Industrial Accident Board *in violation of the prior ruling of the court on the motion to exclude* was error and that plaintiff's Exhibit No. 7 (Employer's Notice of Injury Report) while not offered, was read to the witness in the presence of the jury, so that the effect was the same as if it had been actually read to the jury after having been offered in evidence.

Article 8309, § 5, V.A.C.S., provides, among other things, that on appeals from the Industrial Accident Board there should be a trial de novo in the trial court.

In Texas Indemnity Ins. Co. v. Arant, Tex.Civ.App., 171 S.W.2d 915, 920, w/r, it is stated:

"In a suit to recover compensation, the issues should be tried wholly uninfluenced by any procedure before, or connected with, the Industrial Accident Board."

Of course, this rule of trial de novo is subject to some limitations for in Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651, 655, it is stated:

"There are exceptions to the rule as in the case of statements made in connection with offers of compromise, Brannam v. Texas Employers' Ins. Ass'n, 151 Tex. 210, 248 S.W.2d 118. But no exception to the general rule has yet been created so as to make privileged the notice of injury and claim for compensation filed with the Industrial Accident Board in Workmen's compensation cases. In view of the likelihood of another trial of this case we

hold that statements contained in notice of injury and claim for compensation blanks, as well as information omitted therefrom, are admissible in evidence against a claimant when they meet the requirements of the law governing admissions. Of course, like admissions received in evidence in other types of cases such statements or omissions are but evidence and as such are subject to explanation or contradiction. McCormick and Ray, Texas Law of Evidence, § 495, p. 634."

Article 8309, § 5, V.A.C.S., provides:

"The reports of accident required by this law to be made by the subscribers shall not be deemed as admissions and evidence against the association or the subscriber in any proceedings before the board or elsewhere in a contested case where the facts set out therein or in any one of them is sought to be contradicted by the association or subscriber."

This court in an opinion by Chief Justice Hall in the case of Yates v. Pacific Indemnity Co., 193 S.W.2d 266, 267, w/r, n.r.e., stated:

"By points 3 and 4 appellant asserts that the trial court committed reversible error in refusing to permit him to cross-examine appellee's witness Cowley, for the purpose of impeachment, with respect to certain statements made by the witness in the report of injury to the Industrial Accident Board as to the time and place of appellant's injury. On direct examination Cowley testified that appellant told him that he received his injury about 2 o'clock in the afternoon of August 8, 1944, while digging a telephone post hole. On cross-examination of Cowley, appellant's counsel sought to interrogate him respecting the statements made by him in the report of injury to the Board as to the time and place of injury for the purpose of impeachment. The trial court sustained the objection by appellee that such procedure was in violation of the statute (R.S. Art. 8309, sec. 5). Out of the presence of the jury it was fully developed that in the report of injury made by Cowley to his superior and which was sent to the Industrial Accident Board, it was stated by the witness that the injury occurred at 11 o'clock, a. m., while appellant was digging a ditch for an underground conduit. * * *

"This statute was construed by the Eastland Court of Civil Appeals in Liberty Mutual Ins. Co. v. Boggs, Tex. Civ.App., 66 S.W.2d 787, 795, and it was there stated: 'There is no doubt, we think, that the court erred in permitting appellees' counsel to have the witness Bond, former manager for Curtis-Wright Flying Service, and who had made a report of the accident to the Industrial Accident Board, identify his answers made to the questions in the report, and his signature thereto, and then ask him if the answers were true. One of them clearly implied that Boggs was an employee, a vital issue in the case. The law provides that such reports are not admissible against the parties making them. R.S. 1925, Art. 8309, § 5; Georgia Casualty Co. v. Darnell, Tex. Civ.App., 243 S.W. 579; Petroleum Casualty Co. v. Crowe, [Crow] Tex. Civ.App., 16 S.W.2d 917; Norwich Union Indemnity Co. v. Rollins, Tex. Civ.App., 8 S.W.2d 699; Texas Employers' Ins. Ass'n v. Lynch, Tex.Civ. App., 29 S.W.2d 899; Employers Casualty Co. v. Watson, Tex.Civ.App., 32 S.W.2d 927. We think the proceeding complained of was but doing, indirectly, that which the policy of the law plainly prohibits.'

"In this case appellant by cross-examination of the witness Cowley sought to have him identify his answers to certain questions made by him in the report to the Industrial Accident Board, one of which was that 'appellant received an injury at 11 o'clock A.M.' As heretofore stated the issue of whether appellant received any injury while working for the telephone company was a vital and hotly contested one. *Had the*

*cross-examination been permitted the information contained in the report with respect to appellant's receiving an injury while working for the telephone company would have been placed before the jury. This, as stated in the opinion quoted from, would be 'doing indirectly that which the policy of the law plainly prohibits.'"* (Emphasis added.)

In Williams v. Texas Employers Ins. Ass'n, Tex.Civ.App., 226 S.W.2d 152, 154, it is stated:

"To permit the appellant to use the 'Employer's First Report of Injury' for the declared purpose of refreshing McCain's memory would permit the appellant to place before the jury the contents of the injury report. Such a procedure would allow the appellant to do indirectly what he is prohibited by law from doing directly. Our courts have on many occasions condemned the exercise of such a strategem. Texas Employers' Ins. Ass'n v. Lynch, Tex. Civ.App., 29 S.W.2d 899; Maryland Casualty Co. v. Davis, Tex.Civ.App., 181 S.W.2d 107; Yates v. Pacific Indemnity Co., Tex.Civ.App., 193 S.W.2d 266, writ ref. n.r.e."

■ Plaintiff's Exhibit No. 7 clearly was highly incompetent and inadmissible evidence under Art. 8309, § 5, supra. Although the tender of it in evidence was withdrawn and same was never actually admitted in evidence, we think that the getting in evidence of the contents of such report as above outlined did indirectly "that which the policy of the law plainly prohibits'", as stated in the Yates and Boggs cases, supra. Appellee contends, however, that if this was error it was waived and invited by appellant. No specific objection was made to plaintiff's Exhibit No. 7 or to the testimony of Waller that the same was in violation of Art. 8309, § 5. It is appellee's further position that a general motion or objection is insufficient, citing 3a Tex.Jur., sec. 165, and 41-B Tex.Jur. 172, sec. 146, that appellant's objections were neither specific nor timely enough, and were not made when

the evidence of Mr. Waller was introduced in evidence. It is appellant's position in its brief that the error of the matter was not waived but was pointed out by defendant's prior objections, prior motion, and later by its motion for mistrial.

■ A general objection is sufficient to entitle the appellate court to review the ruling admitting testimony when the question asked could elicit only *incompetent* and immaterial testimony. Jones v. Texas Electric Ry., Tex.Civ.App., 210 S.W. 749. Also in sec. 150, 41-B, Tex.Jur., p. 179 (titled Effect of Failure to Object), it is stated: "But probative force is not given to *incompetent* and irrelevant evidence by a failure to object."

In the case of Maryland Casualty Co. v. Davis, Tex.Civ.App., 181 S.W.2d 107, the objection was made in the trial court by the insurance company to the admission of the employer's report of injury filed with the Industrial Accident Board, "That the contents of such report was hearsay." See page 108 of said case. However, on appeal the appellant enlarged the point to complain of the action in admitting such report to be not only hearsay *but that same was in direct violation of Art. 8309, § 5, V.A.C.S.* The appellate court in reversing the case on this point said: "Said report was not only subject to the objection that it was hearsay and wholly incompetent and without probative force, *but its admission was in direct violation of said Article 8309, sec. 5."* (Emphasis added.)

■ Although appellant did not make the most pertinent objection it could have made to said Exhibit No. 7 and the reading of the contents thereof to the jury, which was that same was in violation of Art. 8309, § 5, V.A. C.S., we think that the motion it made which was sustained by the trial court and the objections it made to the offer of said incompetent report were sufficient to apprise that neither such report nor the contents were admissible, and the motion for mistrial even more clearly points out the harm done by the introduction of this harmful prej-

udicial and highly incompetent evidence. The manner in which this incompetent report was offered in the presence of the jury (although it was never formally admitted in evidence) and the contents read before the jury by appellee's counsel was highly prejudicial and this court can not put its stamp of judicial approval upon the method used in this respect. We think the trial court should have sustained appellant's motion for mistrial on this matter and we have concluded that in the light of the record in this case appellant did not waive or invite the error complained of, and especially so in view of the fact that the evidence complained of was in direct violation of Art. 8309, § 5, supra.

It is our best judgment that under the light of this entire record, appellant's points 3 and 6 reflect reversible error as later pointed out more fully in this opinion.

Plaintiff's Exhibit No. 8, introduced in evidence over the objections of the defendant including objections to the hearsay statements with reference to Dr. Roosth (Dr. Roosth never did testify in person in the trial of the case) was a form provided by the Industrial Accident Board, entitled "Carrier's Notice of Hearing and Statement," and is referred to by defendant as a "brief" of the position of the carrier which was filed before the Industrial Accident Board. We quote from said instrument the following:

"1. X The principal issue before the Board is: *Extent of disability.*

\* \* \* \* \* \*

"4. X Employee has *No %* permanent disability as a result of *Alleged injury of 3–30–53.*

\* \* \* \* \* \*

"6a. X Carrier requests that claim be denied because: (Attach evidence) Medical report of Dr. Roosth attached states: 'Patient gives history of having had a ruptured disc on left and spinal fusion in 1951, X-ray reveals fusion with screws.'

"6b. X Other points requiring Board decision are: (Attach evidence) Dr. Roosth further states in his report of 8–13—that Shiflet's condition is due to a previous back injury."

We have found only one direct authority in Texas on the question posed by plaintiff's Exhibit No. 8, which is the case of Republic Underwriters v. Greenhaw, Tex.Civ. App. El Paso, 114 S.W.2d. 362, 364, no writ history. In the original opinion written by Judge Nealon the court held admissible in evidence a written argument or brief of the insurer filed before the Industrial Accident Board (similar to plaintiff's Exhibit No. 8 in this case), which included hearsay statements. Judge Nealon held that this was admissible as an "admission by adoption," citing the case of Thornell v. Missouri State Life Ins. Co., Tex.Com.App., 249 S.W. 203. On re-hearing, however, the majority of the court in said case stated:

"In our original opinion we refrained from commenting upon the alleged lack of evidence to sustain the finding that decedent's death resulted from an accidental injury sustained in the course of his employment. This we did because we believed and held that the trial court erred in excluding the brief filed by appellant before the Industrial Accident Board. Upon more mature deliberation and after considering the appellant's motion for rehearing and the written argument of amicus curiae, a majority of the court have concluded that said brief was not admissible as an admission by adoption. The former holding is, therefore, withdrawn and the opinion therein expressed stands merely as the individual view of the writer."

The Thornell case, supra, cited by Judge Nealon, did not involve evidence before the Industrial Accident Board nor evidence in a trial de novo from an appeal from the Industrial Accident Board but involved a suit on a life insurance policy and held that proofs of loss filed by a beneficiary with statements attached thereto of the coroner

and others of death of insured by suicide, were admissible in evidence against beneficiary as "admission[s] by adoption."

Appellee contends that the hearsay statement of Mr. Dillard, the agent of defendant, with reference to Dr. Roosth contained in Exhibit No. 8, were admissions by adoption and that defendant insisted on the jury's having "the whole story" by introducing in evidence the narrative report of Dr. Roosth as defendant's Exhibit No. 8, and that by reason thereof the error, if any, was harmless. Appellant in answer thereto contends that the objection to this hearsay evidence was not waived under the case of Texas Employers Ins. Ass'n v. Dillingham, Tex. Civ.App., 262 S.W.2d 748, and authorities therein cited, which holds that where objectionable evidence is introduced over the objection of a party that the party does not waive his objection by cross-examination or by introducing rebuttal testimony thereto.

■ We regret the paucity of direct authority on the above question, but it is our best judgment that we should follow the majority opinion of the El Paso Court of Civil Appeals in the Republic Underwriters v. Greenhaw case, supra, which also expresses our view of the matter. We also think that the error was not waived by the introduction of the full Roosth report under the authorities cited in the Dillingham case, supra. We therefore hold that the introduction in evidence of plaintiff's Exhibit No. 8, and particularly with respect to the hearsay matters therein, constituted reversible error under this record as hereinafter stated.

Appellant's points 8, 9, 10, 11, 12 and 13 complain of a number of questions asked by appellee's counsel and answers elicited, which were objected to on the grounds that they were immaterial, irrelevant and prejudicial, in view of the lump-sum issue having been stipulated out of the case.

Appellant in some of said points also complains of the trial court's overruling of its motion for mistrial alleging that such matters were so highly prejudicial and inflammatory that the withdrawing of same

from the jury would not be sufficient to erase them from the mind of the jury. Appellant's 13th point contends (in essence) that the trial court erred in not granting a new trial because of the prejudice and bias that resulted to the defendant by virtue of the cumulative effect of the various matters above related.

■ We think that probably the most objectionable of the matters above complained of was the question asked Mrs. Shiflet by appellee's counsel, *"Did any of these people that they had watching your husband come out and help you rub him at night?"* was improper, prejudicial and inflammatory, and the trial court properly sustained objections to this matter and instructed the jury not to consider same. The trial court also sustained objections to other questions, statements and answers above complained of (which we deem unnecessary to quote here but which are in the record) and instructed the jury not to consider same.

We would not be inclined to reverse this case by reason of any or all of the questions, statements and answers complained of by appellant in points 8 to 13, inclusive, but we have reached the conclusion that in the light of the record as a whole in this case that points 3 and 6 (with respect to the admission of evidence prohibited by Art. 8309, § 5) reflect reversible error, which harm was probably further aggravated by some of the questions, statements and answers complained of by appellant in points 8 to 13, inclusive, as being prejudicial and inflammatory.

The issue as to whether plaintiff received the injury in question was closely contested. Plaintiff had previously sustained a serious back injury for which he had an operation, which he testified was successful and that he got well. Appellant's view was that plaintiff did not get injured but that his disabilities were attributable to his previous back injury. There is, however, no contention that the evidence is insufficient to support the judgment and we think the evidence is sufficient to support the judgment.

However, the questions of whether Shiflet was injured and whether he ever claimed to his employer that he got hurt on the job were vigorously contested by the defendant and in view of this we think the getting in evidence of the contents of Exhibit No. 7 (Employer's Report of Injury) which report was incompetent as a matter of law, as complained of in appellant's points 3 and 6, in the light of the whole record in this cause was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case.

However, if we are mistaken in our view that the error pointed out in appellant's points 3 and 6 was reversible error, we think that plaintiff's Exhibit No. 8 and especially the hearsay portions thereof were inadmissible in evidence and that this error would be an independent ground to support the reversal and remand of this cause, because such evidence was clearly harmful and prejudicial to appellant and it is our best judgment in the light of the whole record in this case that this was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this cause.

Appellant's points 14 and 15 with reference to alleged jury misconduct have been carefully considered and are respectfully overruled. See the recent Supreme Court case of Childers v. Texas Employers Ins. Ass'n, 273 S.W.2d 587, and the following authorities: Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Herrin Transportation Co. v. Peterson, Tex.Civ.App., 216 S.W.2d 245, error ref.; Andrews v. Dewberry, Tex.Civ.App., 242 S.W.2d 685, error ref.

Appellant's 16th and 17th points have been carefully considered and are respectfully overruled.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.