* Writ of error dismissed for want of jurisdiction December 20, 1923.
This suit was instituted by appellant to recover compensation at the rate of $15 per week for a period of 400 weeks under the Workmen's Compensation Act of Texas (Vernon's Sayles' Ann.Civ.St. 1914, arts. 5246h-5246zzzz). Appellant was an employé of Dallas Oil Refining Company at the time the injuries alleged as a basis for the recovery were inflicted. The Dallas Oil Refining Company was a subscriber with the appellee, the Millers' Indemnity Underwriters, under the Employers' Liability Act, and carried compensation insurance in the Millers' Indemnity Underwriters at the time of the accident which resulted in the injuries of which complaint was made. Notice of the accident and injuries was given appellee within due time after they occurred, and appellant filed his claim for compensation for the injuries and loss of time incident thereto with the Industrial Accident Board within six months after the accident happened. The Industrial Accident Board made a final ruling on the claim for compensation, and appellant, being dissatisfied therewith, duly filed suit in the district court to set it aside. The case was tried to a jury, and was submitted upon special issues, and, in conformity with the answers returned, judgment was rendered decreeing recovery of $297.61, $198.41 of which was apportioned to appellant and $49.61, respectively, to each of the two attorneys who represented him in the litigation. Appellant, having sued for a lump sum in the amount of $6,000 which he alleged he was entitled to recover by reason of total permanent incapacity, prosecutes this appeal from *Page 412 
the judgment entered for the amount above indicated.
The only witness who testified in the case was the appellant himself. While he was on the stand testifying in his own be half, and after he had described the injuries he had received, and had given testimony as to how they afflicted him from the time he was hurt until the date of the trial, his counsel sought to elicit from him an expression of his opinion as to the duration of time in the future he would be disabled to perform the duties pertaining to his work without suffering pain. The answer thus sought to be expressed was excluded upon objection in appellee's behalf. This ruling is complained of, and the proposition is advanced that the answer should have been permitted because the testimony was material and legitimate on the issue of the length of time that appellant would be entitled to compensation. We think the proposition is without merit. The witness possessed no expert knowledge, and it is not contended that the evidence was more than the expression of an opinion by an ordinary witness, except that it is contended that, because he had experienced his sufferings during the time of his disability, he was entitled to declare his opinion as to the length of time in the future the pains derived from them attending efforts to labor might still be suffered. Since he was in a position to give a clear statement of facts in the nature of a description of his injuries, and of the pains he had suffered, and since he had none of the qualities of an expert on the subject about which an expression of opinion was sought, he was in the attitude of an ordinary witness, and we think the rule excluding opinions of such witnesses under these circumstances clearly applied and controlled. Hence the court did not err in excluding the answer.
Appellant testified as to certain pains, particularly in a portion of one of his feet when he walked, and that he had suffered this pain and others from the 26th day of March, 1920, the date he was injured, until the 6th day of February, 1922, the date of the trial. After he had recovered from the accident sufficient to work, which was 11 months after the injury, he was employed as a night watchman, which occupation, in connection with a related one, it seems he was following at the time he received the injuries. Almost continuously after he became able to work until the date of the trial he pursued this occupation, and was employed in it at the time of the trial. After testifying to such continuous employment since he recovered from the accident sufficiently to engage in it, and after testifying also that his work was accompanied continuously by pain caused by the injuries he had received, appellee objected to his testifying that "but for his extreme poverty and absolute necessities he would not have worked at all," and the court sustained the objection.
Appellant's second proposition is to the effect that the court erred in this respect because the jury was entitled to have before it his testimony as to his poverty and as to the dire necessities under whose propulsion he was compelled to work in passing upon the question of the length of time that appellee should be required to pay him compensation. The testimony we think would have been altogether improper. It would have been calculated to prejudice the jury without subserving the purpose of tending to establish as a fact the theory that appellant was unable to work. If he was in such physical condition that under the urgings of necessity he could perform the duties of his position, then possibly proof that the performance of his duties actually injured him might have been admissible as tending legitimately to establish the contention that, although he actually performed his duties, he was incapacitated to discharge them; but we are unable to perceive how proof of his necessitous condition could constitute any fact properly to be considered by the jury. As a general rule men who regularly perform manual labor do so because it is the only honorable means available to them to supply themselves and their families with the necessities of life, and we regard it as a self-evident proposition that mere proof of a circumstance of this nature which attends the lives of the great majority of people can have no potent bearing as proof of inability to work.
As above stated, the facts are undisputed that after the passage of about 11 months subsequent to the date of the injuries appellant re-engaged in the pursuit of his former occupation of night watchman, which he continuously followed until the date of the trial. Practically all of this time (except during brief periods when he did other work) he was employed by the firm of Trezevant Cochran, in Dallas, and the wages paid him by this firm were at least equal to the income he derived from similar work prior to his injury. The testimony showed that during the whole of the period he labored the injury to his foot rendered walking difficult and painful, especially in ascending steps; that his foot was very sore, and that he could not put his whole foot down in walking or standing in a normal way without suffering pain and without swelling in this member setting up from time to time. In the light of this testimony, appellee requested a peremptory instruction to the effect that the jury in no event could find that appellant's total incapacity extended beyond the date on which he began to work for Trezevant 
Cochran. This charge was given, and appellant complains that the court erred in giving it because it was upon the weight *Page 413 
of the evidence, invaded the province of the jury, and was not warranted by any evidence. The contention cannot be sustained. We think the proof shows conclusively that appellant was not totally incapacitated for work from the time he engaged in employment with Trezevant Cochran. The facts that he worked continuously for this firm after he entered its services doing substantially the same work he had been engaged in before he was hurt, that he discharged his duties completely and satisfactorily, and received as great compensation for his services as he had been paid for similar employment previous to the injury, support this conclusion. Under the Workmen's Compensation Act a person is totally incapacitated for work when he is disqualified from performing the usual tasks of a workman in such way as to enable him to procure and retain employment. Home Life Accident Co. v. Corsey (Tex.Civ.App.)216 S.W. 467; Moore v. Peet Bros., 99 Kan. 443, 162 P. 295.
The court submitted to the jury the question of whether or not appellant was totally incapacitated for work during any length of time following the accident, and also the issue as to how many weeks such total incapacity, if any, the jury should find continued following the date of the accident. The jury found in response to these issues that appellant was totally incapacitated for a period of 42 4/7 weeks. Appellant requested the court to instruct the jury in connection with these issues that by the phrase "total incapacity for work" is meant "such disability as would prevent said Bishop from performing substantially or to some material extent any and every part of the business pertaining to his occupation, or such disability as that ordinary care in the preservation of his health would require that he desist from the transaction thereof;" and the court refused to give this instruction. The action of the court in this respect complained of by appellant we deem to be free from sound criticism. In the first place, we think the expression "total incapacity for work" as used in the statute is not such a technical expression as necessarily to require that the court should define it to the jury. Nor is its meaning so fixed in relation to the facts of this case by the terms of the law as to require it. Furthermore, the requested charge does not correctly state the meaning of the term "total incapacity for work" as is to be observed from the meaning of that term above expressed under the authority of the decision cited from which it is substantially taken.
Appellant complains that the court refused to submit various special issues requested by appellant, and makes such complaints the basis of various assignments of error and propositions embodied in his brief. It does not appear that appellant excepted to the action of the court in refusing to submit any of such issues, and the record contains no bills of exceptions seasonably taken to the action of the court with reference to refusing such special issues. Appellee objects to any consideration of the propositions complaining that the court refused to submit these issues on the ground that there is an absence of bills of exceptions to the action of the court in refusing the charges. It is contended that under Rev.St. art. 2061 appellant must be held to have acquiesced in the court's refusing to submit the requested issues, and waived his objection, since that article provides that on appeal the charge is not to be regarded as approved in the absence of exceptions to the failure to submit requested issues specially requested. An examination of the requested charges reveals that they bear the indorsement "refused," and that this indorsement is officially signed by the trial judge. Under the terms of Rev.St. art. 1974, as amended by the Thirty-Fifth Legislature in 1917 (Acts 35th Leg. c. 177 [Vernon's Ann.Civ.St.Supp. 1918, art. 1974]), the requested charges bearing this indorsement constitute bills of exceptions, and, by the mandatory terms of this statutory provision as it now exists, it is to be conclusively presumed that appellant presented the charges at the proper time, and excepted to the court's refusing to give them. The objection to our consideration of the propositions based upon the action of the court in this regard accordingly is without merit, and must be overruled. However, what we have said above as an expression of our views of the rights of the parties under the law and the evidence has the necessary effect to dispose of these propositions adversely to appellant's contentions. No purpose could be served in discussing them, and, after having given them careful consideration, we deem it proper to overrule them without further comment.
There is no reversible error disclosed in the record, and the judgment of the trial court is affirmed. *Page 478