### REED v. SKELLY OIL CO. et al.
### No. 6483.

Court of Civil Appeals of Texas. Texarkana.
Jan. 5, 1950.

Rehearing Denied Jan. 26, 1950.

Fred Whitaker, Carthage, Tom Bankhead, Carthage, for appellant.

Long & Strong, Carthage, Steve. Miller, Tyler, for appellees.

WILLIAMS, Justice.

In this trespass to try title action Ethel Mary Reed alleged that she was the owner of an undivided one-half interest in all of the oil, gas and other minerals in and under a 165-acre tract and a 5.75-acre tract both out of the M. A. Romero Headright Survey in Panola County. She also alleged that she owned and was entitled to the one-eighth of such minerals being produced from the land under an oil and gas lease held by Skelly Oil Company. She prayed for the title and possession to the above described mineral interest and for $1,000 in damages against the oil company for the latter's alleged failure and refusal to pay for royalty oil theretofore produced. With the exception of the special pleadings with respect to her claim for oil produced as against Skelly Oil Company, her allegations were in the statutory form of a trespass to try title action as enumerated in Rule 783 of Texas Rules of Civil Procedure.

After Skelly Oil Company had answered with a plea of not guilty and the Sneed Oil Company had filed a disclaimer to any interest in the properties. sued for, plaintiff dismissed her action against the companies and proceeded to trial against Wilson Strong, the remaining defendant. He answered with a plea of not guilty.

In the trial to the court the plaintiff was awarded the title to and possession of an undivided 1/14 mineral interest in the larger tract and an undivided 1/7 mineral interest in the smaller tract. The decree further provided that the recovery in the larger tract "shall not be effective until the death of Mrs. Lanie B. Reed"; and that one-half of the recovery in the smaller tract, or a 1/14 undivided interest, "shall not be effective until the death of Mrs. Lanie B. Reed." Ethel Mary Reed, who appeals, attacks solely the limitation, that is, the life estate so impressed upon the interests awarded her in above decree.

Both tracts here involved constituted the community estate of Lanie B. Reed and T. H. B. Reed, who died intestate in February, 1946. Prior to his death they had sold off one-half of the minerals in the larger tract and had executed a valid oil and gas lease covering the remaining interest in the larger tract and all the minerals under the smaller tract. She and her husband occupied above lands as their homestead at the time of his death. She has continued to reside upon above lands since her husband's death. Under the terms of the will of Frank Reed, who died in September, 1947, his wife, plaintiff below, acquired all interests he may have owned at the date of his death. Seven children which includes Frank Reed were born to T. H. B. Reed and Lanie Reed.

Under a deed dated September 25, 1946, which recites the consideration of $10 then paid, Lanie B. Reed, Frank Reed and three other children, named as grantors purport to convey to George S. Reed, another child of T. H. B. and Lanie B. Reed, "all our undivided 11/14 interest" in both tracts. It is recited in the deed "that out of the grant hereby made, there is excepted and reserved to the grantors all minerals in and under" both tracts * * * the minerals

so excepted and reserved to be held and owned by grantors in their own separate right and estate, as follows: "Lanie Reed 7/14; Frank Reed 1/14 interest and each of the other children named as grantors a 1/14 interest." Plaintiff offered this deed in evidence.

Under an instrument bearing date of September 26, 1946, which recites a consideration of $10 then paid, Lanie B. Reed purports to convey to Frank Reed and her other children "an undivided 7/14 interest in and to all of the oil, gas and other minerals in and under" both tracts of land. This deed recites that "the 7/14 interest so conveyed shall vest in Frank Reed and the others therein named as grantees, each a 1/14 interest." This deed further stipulates that "notwithstanding the grant herein made, grantor reserves unto herself, during her lifetime only, all rents, revenues and income accruing to the mineral estate herein conveyed, and grantees shall have no right to such rents, revenues and income during the lifetime of grantor." This instrument was introduced in evidence by both plaintiff and defendant Strong.

The record is absent any extrinsic evidence which explains or purports to disclose the purpose or intent that any party had in the execution or acceptance of either or both deeds. The pleadings and evidence of all parties are absent any charge of fraud or mutual mistake in the execution of or in the acceptance of above deeds. Plaintiff in her pleadings did not seek reformation of either instrument. Under these circumstances with above deeds before the court for construction upon the recitals therein contained, the court concluded as recited in his conclusions of law (4) "that the grantees in the mineral deed executed by Mrs. Lanie Reed on September 26, 1946, to Frank Reed, or Thomas Franklin Reed, and others, intended for the grantor to except and reserve the income from the 7/14 mineral interest therein conveyed for and during her lifetime, and that the grantees accepted such conveyance, and are now estopped from asserting any rights to such income during the lifetime of Mrs. Lanie Reed."

■ The intent to reserve in Lanie B. Reed an undivided 7/14 interest in all the minerals under both tracts, as found by the trial court, finds support in the record. The conveyance so expresses this intent. In the granting clause Lanie B. Reed purports to convey under the deed "an undivided 7/14 interest in and to all the minerals" under the two tracts. She reserves unto herself during her lifetime not the interest on any income, not some portion of the income but "all rents, revenue and income accruing to the mineral estate therein conveyed" by her. At the time she executed this and the other deed, she as the surviving widow owned a community fee interest and a life estate in the whole. Plaintiff introduced both deeds in evidence. Her right of recovery rests upon the strength of her title. Frank Reed under whom she claims accepted this grant of Mrs. Lanie B. Reed. As stated in 17 T.J., p. 135, "A person will not be permitted to accept the beneficial part of a transaction and repudiate the disadvantageous part." See Frazier v. Hanlon Gasoline Co., Tex.Civ.App., 29 S.W.2d 461; Doty v. Barnard, 92 Tex. 104, 47 S.W. 712. "A person cannot claim under an instrument without confirming it. He must found his claim on the whole and cannot adopt that feature or operation which makes in his favor, and at the same time repudiate or contradict another which is counter or adverse to it." 19 Am.Jur. (Estoppel) Sec. 21; Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 167, 169 A.L.R. 1. The inability for statutory reasons to invoke an estoppel against a married woman, discussed in White v. Simonton, 34 Tex.Civ. App. 464, 79 S.W. 621, which case is cited by appellant, is not applicable here.

Under the state of pleadings in the record, being a straight trespass to try title action between plaintiff and Wilson Strong, in which plaintiff's right of recovery rests upon the strength of her title, and in the absence of Mrs. Lanie B. Reed being a party to the suit, the disposition of plaintiff's action is controlled by the construction of the deed into Frank Reed. Veal v. Thomason, 138 Tex. 341, 159 S.W. 2d 472, 477; Dawson v. Hickman, Tex.

Civ.App., 95 S.W.2d 1319, 1323; 36 T.J. (Reformation of Instruments), Secs. 30, 31, and 35.

The judgment of the trial court is affirmed.