## EMPLOYERS REINSURANCE CORP. v WAGNER.
### No. 12437.

Court of Civil Appeals of Texas. Galveston.
June 26, 1952.

Appellee Wagner's Motion for Rehearing
Denied July 17, 1952.

R. H Whilden, Barksdale Stevens, and W. J. Williamson, Houston, for appellant Employers Reinsurance Corp.

Dixie & Ryan, Houston, Al Schulman, Houston, of counsel, for appellee and cross-appellant W. E. Wagner.

MONTEITH, Chief Justice.

This is an appeal in a workmen's compensation case brought by appellee, W. E. Wagner, to set aside an award of the Industrial Accident Board in favor of appellant, Employers Reinsurance Corporation, and to recover compensation for permanent partial incapacity alleged to have been the result of an injury sustained by him on June 30, 1950, in the course of his employment with the Houston refinery of Shell Oil Company, who carried compensation insurance with appellant, Employers Reinsurance Corporation. Appellant answered by a general denial. By special plea it alleged that appellee's disability, if any, was a heart attack suffered by him on July 2, 1950, and was not caused or contributed to by his alleged injuries while in the employ of the Shell Oil Company, and that appellee's injuries were temporary and that he had recovered therefrom.

Appellant alleged that immediately after his injury, appellee had applied for insurance benefits under a group insurance policy, known as Income Protection Insurance, for disability arising from non-occupational accident and sickness, and that with full knowledge of the fact that he was not entitled to collect workmen's compensation benefits and benefits from non-occupational accidents, he had collected benefits under said income protection insurance policy in the amount of $948.91 for the

period ending February 20, 1951. Appellant contends that, as a matter of law, appellee, by filing his claim for benefits under said I. P. I. policy, he had elected to treat his heart condition as a non-occupational accident, not contributed to by any occupational injuries and that he is estopped to claim in this suit that his heart condition was caused in whole or in part by an accident suffered in the course of his employment with the Shell Oil Company.

In response to special issues submitted, a jury found that appellee had sustained permanent partial incapacity from an injury sustained by him on June 30, 1950, and that his average weekly wage earning capacity during the existence of the partial incapacity was $27.20 per week.

Judgment was rendered under said verdict that appellee was estopped to collect workmen's compensation benefits for the period from June 30, 1950, to March 23, 1951, during which period he had collected insurance benefits under his income protection insurance policy. The trial court rendered judgment for appellee for workmen's compensation benefits at the rate of $24.48 per week for a period of 224 weeks, beginning with December 14, 1951, and for medical expenses in the amount of $937.60, a total of $6,421.12.

It is undisputed in the record that appellee carried at his own expense an income protection insurance policy with the Travelers Insurance Company, with coverage for sickness and accident outside of the scope of his employment; that on June 30, 1950, he was employed as an instrument helper first class, at the Houston refinery of Shell Oil Company at an average weekly wage of $68. On July 2, 1950, while at his home he suffered two heart attacks. On the following day he reported at the refinery for work but shortly after reporting for work he had a third attack and was taken to Dr. Reece, the Company doctor, who sent him to a hospital. Dr. Reece informed appellee that his "heart disease" was not an occupational disease. On February 5, 1951, appellee was pronounced ready to do light work. He returned to his old job on March 23, 1951, at a higher rate of pay than he had received in his prior employment. He continued at his old job until August 20, 1951, when he was promoted to a more responsible job, for which he received a substantial increase in pay, $82.80 per week. Appellee is still working at the Houston refinery of Shell Oil Company as an instrument man, at an average weekly wage of $82.80.

Appellee returned to work at his old job at the Shell refinery on March 23, 1951, and has worked at that job or a better one since that time. During the period of 8 months and 23 days from June 30, 1950, to March 23, 1951, appellee collected insurance benefits as an employee of the Shell Oil Company under a group insurance policy, known as I. P. I. insurance. It is stipulated by the parties that appellee had collected from I. P. I. insurance benefits for the period of 8 months and 23 days in the sum of $1,110.75.

In order to collect I. P. I. benefits appellee filed claim forms in which he represented that the cause of his disability was a heart ailment and that it was non-occupational in origin and that it was not due to an accident.

On June 30, 1950, appellee was employed as an instrument helper at the rate of $1.70 per hour, or $68 per week. On April 12, 1951, he was raised to $1.87 per hour and on August 20, 1951, he was promoted to the position of instrument man No. 2 at the hourly rate of $2.07 per hour, or $82.80 per week.

Appellee filed his claim with the Industrial Accident Board on October 2, 1950.

Appellant relies for reversal on five points of assigned error. It contends that appellee is estopped to seek workmen's compensation benefits by virtue of his alleged election to claim and collect I. P. I. insurance benefits, and that the jury's finding that appellee's average weekly wage earning capacity after June 30, 1950, was only $27.20, is contrary to the undisputed evidence that appellee has been working continuously since March 23, 1951, and that he has been and is now permanently employed at harder work, requiring great-

er physical effort, and at a weekly wage of $82.80.

Appellant contends that under the undisputed evidence in the case appellee is estopped from collecting any workmen's compensation benefits arising from his claimed injury for the reason that the undisputed evidence in the case reflects that he had filed his claim for income protection insurance and collected these benefits in the sum of $1,110.75, knowing that he was not legally entitled to collect for income protection insurance and workmen's .compensation insurance from appellant, and that under these facts appellee has clearly brought himself within the rule that, having made an election and accepted benefits under the I. P. I. policy, he is estopped to repudiate the I. P. I. claims filed by him that his heart trouble is non-occupational in origin.

Appellant relies on the rule announced in the case of Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1. In that case Mrs. Nye sought by parol evidence to change the character of the estate conveyed. The Supreme Court held that since she was the grantee in the deed and claimed under it, she was bound by its contractual recitals and was estopped to deny them. Citing authorities.

■ The rule announced in the Nye case is followed in the following authorities: Simmons v. Clampitt Paper Co., Tex. Civ.App., 223 S.W.2d 792 (writ of error refused, n. r. e.); Reed v. Skelly Oil Co., Tex.Civ.App., 227 S.W.2d 360 (error refused, n. r. e.); and in the case of Van Sickle v. Locke, Tex.Civ.App., 220 S.W.2d 919 (writ of error refused, n. r. e.). It seems to be the rule in this State that an election of remedies arises when a party has two or more inconsistent remedies, and chooses to exercise one of them; in such case he abandons his right to exercise the other remedy or remedies.

Appellant contends that appellee, who claimed that his heart trouble was non-occupational in origin and had collected I. P. I. insurance benefits for a non-occupational illness, had abandoned his claim for workmen's compensation benefits. This rule and the doctrine announced therein was followed in U. S. Fidelity & Guaranty Co. v. First National Bank in Dallas, 5 Cir., 172 F.2d 258; Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92; Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633; Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77.

In the case of Noxon v. Cockburn, Tex. Civ.App., 147 S.W.2d 872 (writ of error refused), this court, in construing a parol contract for the sale of land, held that to constitute an estoppel there must have been a false representation or concealment of material facts; that the representation must have been made with the knowledge of the facts, and that the party to whom the representation was made must have been ignorant of the truth of the matter. It was held that the representation must have been made with the intention that the other party should act upon it, and that the other party must have been induced to act on it.

It is undisputed in this record that appellee filed his claim under the I. P. I. policy and represented that his heart disease was non-occupational while in this action he alleges that his heart trouble was occupational in origin. The record reflects that appellee signed and filed various I. P. I. claim forms in which he claimed that his heart trouble was non-occupational, and that benefits were paid him under his I. P. I. policy amounting to $1,110.75.

Appellant contends that the trial court erred in rendering judgment for appellee since under the undisputed evidence appellee's average weekly wage earning capacity during the period of his claimed partial incapacity was greater than his average weekly wages before the injury, and that there is no evidence in the record to support the answer of the jury to Special Issue No. 6, in which it found that appellee's average weekly wage earning capacity during the existence of his partial incapacity was $27.20.

Appellant further contends that the court erred in rendering judgment for appellee because, as a matter of law, appellee was not partially disabled or suffering any partial incapacity within the meaning of

the Texas Workmen's Compensation law and is not entitled to compensation benefits under the Compensation law for the reason that the undisputed evidence shows that he has been permanently employed and has been working continuously since March 23, 1951, in work requiring greater physical effort than that which was required in performing his duties at the time of his claimed injury on June 30, 1950, and at a higher weekly wage than that which he was receiving at the time of his claimed injury on June 30, 1950.

Under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., appellee is entitled to compensation benefits when it has been established that his average wage earning capacity after the date of his claimed injury is less than his average weekly wages before the claimed injury.

█ In the case of Lumbermen's Reciprocal Association v. Coody, Tex.Civ.App., 278 S.W. 856, 857, the court, in its opinion, said, "The object of the Workmen's Compensation Act is to compensate employees for incapacity to work caused by some accident or injury received in the course of their employment. If the employee receives an injury that does not incapacitate him to work, but after receiving the injury he still has the capacity to perform his usual duties and does so, for which he receives in full his usual wages, then he has lost nothing and his injury does not bring him within the law." As we construe this opinion, it is there held that an employee must prove an economic loss or impairment of his earnings in order to recover compensation benefits and that, failing in such proof, he has not discharged the burden imposed on him by the law and that the mere proof of an injury is not sufficient.

█ In the instant case the burden was on appellee to prove that his average weekly wage earning capacity after the date of his claimed injury was less than $68, his weekly wage at the time he was injured. We think that under the record in the trial court he has failed to discharge this burden since under his own testimony

it was established that his average weekly wage earning capacity after the date of his claimed injury was in excess of $68, and under this record the jury's finding that appellee's wage earning capacity during the existence of said partial incapacity was $27.20 is contrary to the undisputed evidence.

It follows that the judgment of the trial court must be reversed insofar as it awards appellee compensation in the sum of $24.48 per week for a period of 224 weeks, and affirmed insofar as it awards appellee recovery of the sum of $937.60 as medical expenses, and that this cause be remanded to the trial court for a new trial.

Affirmed in part, reversed and remanded in part.