## BROOMFIELD et al. v. TEXAS GENERAL INDEMNITY CO.
### No. 14015.

United States Court of Appeals
Fifth Circuit.
Feb. 13, 1953.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

HOLMES, Circuit Judge

This action was instituted by appellants, widow and children of the deceased, Morris L. Broomfield, against the insurer of his employer under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.Stat., Art. 8306 et seq. The case was tried without a jury, and was dismissed on the appellee's motion when the plaintiffs rested, no witnesses having been introduced by the defendant. The court did not find the facts specially and state separately its conclusions of law, as required by rule 52 of the Federal Rules of Civil Procedure, 28 U.S. C.A.

The deceased had been employed by Kirby Lumber Company for a period of thirty-six years, and was performing the duties of a sand-drier at the time of the alleged injury (in March, 1950), which occurred while he was tearing down a building in the course of his employment. He allegedly reached up to secure a board; and, in so doing, injured his heart, which caused the fatal injury or aggravated preexisting ailments, resulting in his death. His widow testified that he had not complained of feeling ill before he left home on the morning of the alleged injury, and that he appeared to be in sound health; that, on his return home from his work that day, he sat on the side of his bed and held his hand to his chest, exclaiming that he had been injured during his work that morning; that he was hurting and in pain; and that he had strained his heart when reaching up to grasp a board; that he attempted to return to work three days later; but, because of shortness of breath and other symptoms, he was unable to resume his employment prior to his death on August 18, 1950. It further appeared that he was the only employee assigned to the task of dismantling the shack, and there was no eyewitness to the accident.

The court properly excluded the widow's testimony as to what the deceased told her about his having strained his heart. Dr. Moffat, the company's doctor,

Ernest L. Sample, Adams, Browne & Sample, Beaumont, Tex., for appellant.

Howell Cobb, Fountain, Cox & Gaines, Houston, Tex., for appellee.

and the only physician who examined the deceased, testified that Broomfield reported to him that he strained his heart when he pulled down a board, adding that he knew of no reason for doubting the deceased's veracity. In his surgeon's report, which by its own language required a full description of the nature of the injury, the employee's condition was diagnosed as a strained heart. The facts as to the injury were also related by the deceased to the company's nurse and cashier, and were recorded in the company's accident records. From the evidence, the deceased apparently had been ill with heart trouble three or four months prior to the accident, but was issued a slip by the company's doctor authorizing his return to work. After the employee's death, the doctor's report of the accident was altered so that "no" was superimposed over the original "yes", in answering the question as to whether the accident was the sole cause of the deceased's injury. Dr. Moffat admitted that appellee's insurance adjuster persuaded him to make the alteration. Such action in procuring an alteration of the doctor's original report amounted to an attempted suppression or alteration of evidence of such a nature as to be construed as a recognition of the injury by the appellee. See McEntire v. Baygent, Tex.Civ.App., 229 S.W.2d 866, 20 A.L.R.2d 300. *Omnia praesumuntur contra spoliatorem.* Broom's Legal Maxims, 938; Bouvier's Law Dictionary and cases therein cited, as follows: 1 Greenleaf on Evidence, Sec. 37; 5 Allen 172; 31 L.R.A. 581; 45 Pac.Rep. 1073.

The appellee admitted that the deceased reported the injury described in the employer's first report of injury, dated 4/22/50, filed with the defendant and the Industrial Accident Board of Texas; but, under Article 8309(5) of the Texas Civil Statutes, such report is not admissible to prove any question in dispute. The testimony of the company's doctor, and the record made by him, furnished sufficient medical evidence to warrant a finding that death resulted from the alleged injury if he was injured as claimed. Brodtmann v. Zurich General Accident & Liability Ins. Co., 5 Cir., 90 F.2d 1; Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581.

An industrial accidental injury may be proved by circumstantial evidence; it is not always necessary to have an eyewitness other than the deceased (whose voice is silenced by death as the result of such injury). When all the hearsay evidence and self-serving declarations in the record are excluded, there might not be sufficient evidence to sustain a finding for the plaintiffs without the maxim above quoted, that all things are presumed against the wrongdoer; but, with the aid of this presumption and upon the authority of the Brodtmann case, supra, we think the circumstantial evidence made a *prima facie* case for the plaintiff, which entitled them to a consideration of the issues by a jury or other fact-finding tribunal. We think the circumstantial evidence, aided by the presumption, might fairly and reasonably be deemed to exclude any explanation of the injury and death other than that the deceased strained his heart or aggravated its already weakened condition when he was tearing down the house in the course of his employment.

After 36 years of service, this employee left for his work in apparent good health according to his wife, and well enough to work according to the employer's doctor. The company's payroll should show exactly how long he worked that morning, tearing down a house; but his wife testified that he was writhing in pain, and claiming to have strained his heart, when she saw him after his return. He reported the injury to his employer, as he was legally required to do; and this is competent evidence, not of the fact of injury, but of the fact that he reported it. He made certain statements to his doctor, to his nurse, and to other attendants, which were recorded in the hospital records. It is reasonable to assume that the insurance adjuster had questioned him and investigated his claim, which was compromised in the lifetime of the employee. The fact of the compromise is not evidence of the company's liability, but it throws light on what was in the adjuster's mind when he persuaded the doctor to alter his records and opinion as to the cause of death. In a case of circumstantial evidence, trifles may be

given weight in connection with the other facts in evidence, and if we indulge every presumption against the spoliator, it is easy to presume that this adjuster had investigated the evidence, which was accessible to him but not to the heirs of the deceased, and that he deemed it necessary to change or suppress the doctor's opinion as to the cause of this man's death, because the man was injured in the course of his employment. When we recall how much is presumed under statutory presumptions creating *prima facie* liability, we are afforded some idea of the scope and effect of a maxim that has survived in the jurisprudence of the civil law and of the common law for over a thousand years.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*