AMERICAN GENERAL INSURANCE
COMPANY, Appellant,

v.

Emery Eugene BAILEY, Appellee.

No. 12627.

Court of Civil Appeals of Texas.

Galveston.

Feb. 2, 1956.

Rehearing Denied Feb. 23, 1956.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., and L. J. Clayton, Houston, for appellant.

John L. Hill and W. James Kronzer, Houston, Hill, Brown, Kronzer & Abraham, Houston, of counsel, for appellee.

HAMBLEN, Chief Justice.

The facts giving rise to this litigation are disclosed in the opinion of this Court handed down May 6, 1954, and reported in Tex.Civ.App., 268 S.W.2d 528. This Court, in sustaining appellant's points 1 to 7, inclusive, erroneously held that appellee, Emery Eugene Bailey, did not suffer a compensable injury within the meaning of the Workmen's Compensation Law of the State of Texas as defined in Vernon's Ann.Civ.St. Art. 8309, § 1, thereof. Our judgment in accordance with such opinion was reversed by the Supreme Court on June 15, 1955, 279 S.W.2d 315, and the cause was remanded to this Court to pass upon appellant's remaining twenty-two points which were not considered upon originial submission and decision by this Court.

Appellant's points Nos. 8 to 25, inclusive, have been grouped for presentation and are stated in appellant's brief to relate to and raise the question of whether or not appellee adduced any evidence or, in the alternative, sufficient evidence to support affirmative jury findings that he sustained any incapacity as defined by the Workmen's Compensation Act. We overrule appellant's points so numbered.

The factual basis for appellant's contention that there is no evidence, or, alternatively, insufficient evidence, of incapacity rests upon the undisputed evidence that appellee lost no time from work as a result of his accident and suffered no economic loss but on the contrary, by virtue

of raises in his pay ·scale, earned higher wages after his injury than before. This Court, as well as other appellate courts in this State, has held that it is not necessary to show an economic loss in order to recover permanent disability benefits and that proof that the claimant continues to work and earn money after the alleged injury is but a circumstance to be considered in passing upon the fact question of whether or not he suffered incapacity to work. Traders & General Ins. Co. v. Heath, Tex. Civ.App., 197 S.W.2d 130, writ refused, n.r.e.; Highway Ins. Underwriters v. Matthews, Tex.Civ.App., 246 S.W.2d 214 (writ refused, n.r.e.); Superior Ins. Co. v. Burnes, Tex.Civ.App., 278 S.W.2d 934 (writ refused, n.r.e.).

In support of its contention that in the absence of proof of economic loss there is no evidence of incapacity, appellant relies heavily upon this Court's opinion in the case of Employers Reinsurance Corp. v. Wagner, Tex.Civ.App., 250 S.W.2d 420, writ refused, n.r.e. Some of the language employed by this Court in that opinion admittedly appears to lend support to appellant's contention. We think, however, particularly in view of the action of the Supreme Court upon the writ application, that it must be noted that the order of this Court was one of remand rather than rendition, from which it must be concluded that this Court was passing upon the sufficiency of the evidence rather than the question of no evidence despite the import of the language employed.

In so far as the sufficiency of the evidence in the present case is concerned, we feel that our original opinion points out ample proof by medical witnesses to support the jury verdict of permanent incapacity as that term is employed in the Workmen's Compensation Act.

By points of error Nos. 26 and 27, appellant contends that there is no evidence of incapacity because there is no evidence that appellee has been or will be disabled from earning full wages for a period of one week. We feel that the cases cited in support of our action in overruling appel-

lant's points 8 to 25, inclusive, and particularly the case of Superior Ins. Co. v. Burnes, supra, must be held by necessary implication to require that this contention be overruled. In spite of some confusion which might arise from the language of some appellate court opinions, we take it to be the law of this State that it is incapacity to work and not loss of time from work which gives rise to the right of compensation under the act.

Before the trial court, appellant requested the submission of a special issue in the following form:

"If you have answered Special Issue No. ———, to the effect that plaintiff has sustained or will sustain any partial incapacity, and only in that event, then answer:

Special Issue No. ———

"What do you find from a preponderance of the evidence has been or will be the average weekly wage earning capacity of the plaintiff during such period of partial incapacity, if any?"

The trial court refused this requested issue and over appellant's objection submitted special issue No. 7 in the following form:

"What percentage, if any, do you find from a preponderance of the evidence to be the percentage, if any, of such partial incapacity of Emery Eugene Bailey?"

The asserted error of such action by the trial court is the basis of appellant's points 28 and 29. We overrule such points upon the authority of the case of Traders & General Ins. Co. v. Robinson, Tex.Civ. App., 222 S.W.2d 266, writ refused. In its supplemental brief appellant has called to this Court's attention the decision of the Amarillo Court of Civil Appeals in the case of Texas Emp. Ins. Ass'n v. Swaim, 278 S.W.2d 600, writ refused, n.r.e. We feel in view of the comparative writ history that proper application of the doctrine of stare decisis requires that we follow and apply the holding in the Robinson case. Examination of the opinion in the Swaim case discloses that the judgment of the court,

which is all that the Supreme Court approved, was based upon several points in addition to that here under consideration.

It is our order that the judgment of this Court heretofore entered be set aside and that in conformity with the mandate of the Supreme Court and with this opinion the judgment of the trial court be in all things affirmed.

GANNON, J., not sitting.