PENNSYLVANIA THRESHERMEN & FARMERS MUTUAL CASUALTY INSURANCE COMPANY, Appellant,

v.

K. J. GLOFF, Appellee.

No. 16062.

United States Court of Appeals Fifth Circuit.

Dec. 26, 1956.

Rehearing Denied March 6, 1957.

**840**

Henry D. Akin, Dallas, Tex., Leachman, Gardere, Akin & Porter, Dallas, Tex., for appellant.

Bertram Bader, Dallas, Tex., McKool & Bader, Dallas, Tex., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Appellee, K. J. Gloff, refusing to abide by the award of the Industrial Accident Board, brought suit against appellant, Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Company, seeking recovery under the Workmen's Compensation Statutes of the State of Texas.[1] He sought to recover benefits for total permanent disability to his back resulting from an injury occurring while he was picking up a piece of concrete weighing between seventy-five and one hundred pounds. The award of six weeks' disability made by the Board was paid and, in this action, the jury found for appellee "total disability for twenty-six weeks and further disability in a partial degree at fifty per cent and such partial disability will last for two hundred seventy-four weeks, and that his weekly wages were eighty dollars." From the judgment entered thereon and the order denying motion for new trial, this appeal is prosecuted.

■■ Appellant argues earnestly that the proof showed virtually without contradiction that appellee's disability was temporary and that he was fully paid therefor; that any subsequent discomfort he may have experienced resulted from congenital conditions and former injuries; and that appellee has worked continuously since resuming his work and has made more money than he was earning prior to the injury. Convincing evidence, both lay and professional, was introduced from which the jury could have found in line with these contentions.

But appellee, while admitting that he had worked with regularity and at ad-

---

1. Revised Statutes of Texas 1925, Articles 8306–8309; Vernon's Ann.Civ.St. arts. 8306–8309.

vanced wages, claimed that he had done so under the drive of compelling necessity, and his proof was sufficient to raise issues for jury decision under the liberal rules evolved by the Texas Courts and recognized by this Court. Such a multitude of cases involving so many varying factual situations have been decided by the courts that plausible authority can be found for almost any contention. No good purpose will be served by detailing the facts developed here or the cases relied upon by the respective parties. It is sufficient merely to list some of the cases while pointing out that no one of them is absolutely determinative of the factual situation here presented.[2] The case is not a strong one, but we are not able to say that the jury did not have before it evidence to sustain its verdict or that the Court below abused its discretion in denying the motion for new trial. But several procedural errors are reflected in the record which, in our opinion, require reversal.

■ Appellant assigns as error the action of the Court below which it complains enabled appellee to get before the jury part of a report made by Gloff's employer to the Industrial Accident Board. The employer, Peacock, was asked by appellee's attorney if he had not sat through the whole trial as representative of appellant, and if he was not interested in the outcome of the suit, and an affirmative response was given to each question. Thereupon the employer was asked if Gloff's average weekly wage was not $80 and, upon receiving a negative answer, the attorney confronted him with one of these reports in an attempt to show that, on it, the employer had shown the weekly wage to be $80.[3] We think this was clear error. The employer had been forced, in the presence of the jury, to admit his signature and the asking of the question was sufficient to carry the clear inference that the report contained a statement at variance with the testimony just given by the employer. Such a procedure was in direct derogation of the statute law[4] and the decisions of Texas Courts.

2. Appellant relies upon such cases as Bishop v. Millers Indemnity Underwriters, Tex.Civ.App., 1923, 254 S.W. 411, writ dismissed; Texas Employers Insurance Association v. Moran, Tex.Civ.App.1953, 261 S.W.2d 855, error dismissed; Texas Employers Insurance Association v. Swaim, Tex.Civ.App.1954, 278 S.W.2d 600, writ refused N.R.E.; and Employers Reinsurance Corp. v. Wagner, Tex.Civ. App., 1953, 250 S.W.2d 420, writ refused N.R.E.

While the appellee leans heavily upon our decision in Great American Indemnity Co. v. Segal, 1956, 229 F.2d 845, with the Texas cases therein cited, and our case of Associated Indemnity Corp. v. Potts, 5 Cir., 1947, 164 F.2d 1002, backed up by such Texas cases as Texas Employers Insurance Association v. Mallard, Tex.Civ.App.1946, 192 S.W.2d 302, error refused N.R.E.; Trinity Universal Insurance Co. v. Rose, Tex.Civ.App. 1949, 217 S.W.2d 425; American General Insurance Co. v. Bailey, Tex.Civ.App. 1956, 287 S.W.2d 290, and a number of others.

3. "Q. Let me refresh your memory. I will show you this instrument. Is that your signature?
"A. Yes, sir.

"Q. I will ask you if it doesn't say '$80.00'?
Mr. Porter:
"I believe that is the instrument that the statute prohibits being introduced or used in any way in the trial of a lawsuit.
Mr. Bater:
"I am merely refreshing his memory. I am not introducing any instrument, I am just refreshing his memory and asking him if that is not true. I am not going to introduce it or attempt to introduce it in any manner.
The Court:
"You ask him the question, then if he says he doesn't know you can show it to him and then ask him about it.
Mr. Porter:
"Note our exception. And may I prove up my bill by reason of this instrument?
The Court:
"I think the Court reporter has it down."

4. Revised Statutes of Texas 1925, Article 8309, § 5 provides:
"The reports of accidents required by this law to be made by subscribers *shall not be deemed as admissions and evidence* against the association or the subscriber in any proceedings before the

The purpose of exhibiting the report in the presence of the jury was to use its contents as establishing an admission and as evidence in a case where the employer who signed the report was giving evidence apparently in conflict with it. It could not have had any other purpose and the practice comes under the explicit condemnation of Texas cases.[5]

█ Appellant also urges that the Court below erred in its submission to the jury of the standard by which appellee's "incapacity for work resulting from the injury" should be determined by the jury. It takes the position that the Court charged the jury under § 12 of Article 8306 [6] which covers enumerated or specific injuries, instead of under § 11 covering general injuries such as those claimed by appellee. It submitted a requested charge drawn substantially in the language of § 11.[7] It claims that the case of Texas Employers Insurance Association v. Swaim, Tex.Civ.App. Amarillo, 1954, 278 S.W.2d 600, is directly in point and required that the jury be charged in line with the instruction embodying the provisions of § 11, which is set forth supra. It would seem that appellant's position in that regard is sound and that its said requested instruction should have been given if the Swaim case is accepted as the law.

Appellee counters with the assertion that the charge actually given by the Court fairly covered the requested instruction and that the inclusion in it of the tests of § 12 was harmless and was, moreover, proper under the later case of American General Insurance Co. v. Bailey, Tex.Civ.App. Galveston, 1956, 287 S.W.2d 290. He points out that the Galveston Court, in Bailey, did not feel constrained to follow Swaim, but chose rather to rely upon the decision of the Texarkana Division of the Court of Appeals in the older case of Traders & General Ins. Co. v. Robinson, 1949, 222 S.W.2d 266. It is difficult to follow the subtleties and refinements of the various Texas decisions brought before us, but we are of the opinion that appellant's position here is nearer to the statute and that requested instruction No. 6 should have been given.

Appellant argues a number of assignments of errors based upon other failures of the Court to charge the jury as requested by it in writing. We agree that some of these requested charges should have been given.

█ For instance, appellant requested special charges Nos. 2, 3 and 9, dealing with the duty of the jury to separate the incapacity resulting from the injuries presently sued on from injuries received by appellee in former years and from an arthritic condition said by some of the witnesses to be of long standing. The Court covered this aspect of the case in general terms, but we think the charge should have been more specific in view

board or elsewhere in a contested case *where the facts set out therein or in any one of them is sought to be contradicted* by the association or subscriber." [Emphasis added.]

5. Texas Employers Insurance Association v. Shiflett, Tex.Civ.App.1955, 276 S.W. 2d 942, writ ref. N.R.E.; Williams v. Texas Employers Insurance Association, Tex.Civ.App.1949, 226 S.W.2d 152; and cf. Broomfield v. Texas General Indemnity Co., 5 Cir., 1953, 201 F.2d 746.

6. Vernon's Revised Civil Statutes of the State of Texas.

7. Requested special charge No. 6: "You are instructed that under the provisions of Section 11 of Article 8306 of the Workmen's Compensation Law of Texas,

the defendant in this case is only liable to the plaintiff where the plaintiff has proved to you by a preponderance of the evidence that his average weekly wage earning capacity has been reduced as a result of the alleged injury; and further, said statute provides that the partial incapacity of an alleged injured employee shall be measured by the difference between his average weekly wages before the alleged injury and his average weekly wage earning capacity during the existence of such partial incapacity; and if the plaintiff in this case has failed to prove to you that his average weekly wage earning capacity after such alleged injury was less than his average weekly wages before the injury, then you will find for the defendant and that the plaintiff has no partial incapacity."

of the convincing evidence elicited from appellee on cross-examination and established by other witnesses.[8] The three requested instructions, taken together, contain a fair statement of the law of Texas [9] and their substance should be included in the Court's charge on another trial.

We think, moreover, that it was error for the Court below to refuse defendant's requested charge No. 12.[10] Instead, the Court included in its charge the instruction requested by appellee, which informed the jury that it should compute the average weekly wage of appellee "in a manner which may seem just and fair to both parties" only in event that appellee had not proved that either he or some other employee of the same class had worked "for substantially the whole of such immediately preceding year in the same or in a similar employment." This charge of the Court was based upon Article 8309 of Vernon's Texas Civil Statutes, and it would have been proper if there had been any substantial credible evidence upon which to base it. But such evidence was lacking. Appellee, himself, had worked only one hundred fifty-seven days the preceding year, and it was not established that any other employee had worked substantially three hundred days in the year immediately preceding. Under this state of the proof, appellant was entitled to have the jury instructed as thus requested.

The weekly wage, found by the jury to have been $80, was the basis for the entire verdict and judgment, and there is nothing to indicate how the jury arrived at that figure. We do not hold that there was no evidence at all to sustain the finding, but the evidence is, at best, not strong. The jury could have been misled by any or all of the errors herein discussed. The judgment appealed from is, therefore, reversed and the cause remanded for another trial.

Reversed and remanded.

8. For example, it was brought out that appellee had been run over by a car when he was a child, one of his legs being broken, that a hernia had been reduced by operation, and that his back had been injured to some extent when he was thrown off of the back of a truck within the past few years. The medical testimony tended to show that there was an arthritic condition of long standing in plaintiff's back along with some congenital anomalies, and witnesses testified that appellee had made frequent complaint about an aching back prior to the time of the injury sued on.

9. Cf. Revised Civil Statutes of Texas 1925, Article 8306, § 12c; Texas Employers Insurance Association v. Wright,

Tex.Civ.App.1946, 196 S.W.2d 837; Southern Underwriters v. Boswell, Tex. Civ.App.1940, 141 S.W.2d 442, affirmed, 1942, 138 Tex. 255, 158 S.W.2d 280.

10. "In connection with the issue as to average weekly wages, you are instructed that inasmuch as the plaintiff did not work in the same employment for substantially the whole of the year immediately preceding the injury, and inasmuch as there is no proof that there was an employee of the same class working the whole of such immediately preceding year in the same or in a similar employment, then you shall compute the average weekly wage in any manner which may seem just and fair to both parties."